CORDERO *v.* THE PORTO RICO PUBLISHING COMPANY.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 31.   Resuelto en Octubre 17, 1905.

DESAHUCIO.—PROCEDIMIENTO PARA EL EJERCICIO DE LAS ACCIONES CIVILES.—La acción de desahucio, así como el ejercicio de las acciones civiles de todas cla-

ses, deberá ajustarse al juicio ordinario, que es el único establecido por el nuevo Código de Enjuiciamiento Civil.

ID.—ACUMULACIÓN DE ACCIONES.—PAGO DE ALQUILERES.—La acción de desahucio y la que tenga por objeto reclamar el pago de los alquileres vencidos y no satisfechos, son dos acciones perfectamente acumulables y que pueden ejercitarse en una misma demanda, de acuerdo con el artículo 104 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Monserrat.*

EL JUEZ PRESIDENTE SR. QUIÑONES, emitió la opinión del tribunal.

La presente es una apelación establecida por la casa editora que giraba en esta plaza bajo la razón de "The Puerto Rico Publishing Company", contra la sentencia dictada por la Corte de Distrito de San Juan en el pleito que le siguiera doña Josefa Cordero de Ledesma, sobre desalojo de una casa y pago de alquileres, y por la que se condenó á la Compañía demandada al desalojo de la casa objeto de la demanda y al pago de los alquileres reclamados y en las costas.

La demanda origen de estos autos, fué establecida en 1o. de diciembre de 1904, por don José Santisteban y Trueba, como apoderado general de doña Josefa Cordero de Ledesma y bajo la dirección del abogado don Damián Monserrat, para que se condenara á la casa editora de referencia, á desalojar la planta baja de la casa número 64 de la calle de Tetuán de esta ciudad, de la propiedad de la demandante, y que ésta había alquilado á dicha casa editora, por conducto de su representante don Manuel F. Rossy, al precio de cincuenta dollars pagaderos cada fin de mes, siendo además de su cargo el agua que consumiera del acueducto; y para que se la condenara también al pago de los ochocientos cincuenta dollars á que ascendían los alquileres vencidos y que la Compañía demandada había dejado de pagar, correspondientes

á los diez y siete últimos meses anteriores á la demanda, ó sean los correspondientes á julio, agosto, setiembre, octubre, noviembre y diciembre de mil novecientos tres, y de enero á noviembre de mil novecientos cuatro, más treinta y cuatro dollars veinte centavos que la demandante había tenido que pagar al Ayuntamiento por el agua consumida por la Compañía demandada, montantes ambas cantidades, en junto, á la suma de ochocientos ochenta' y cuatro dollars veinte centavos, más las costas que se causaran hasta la ejecución de la sentencia.

Como fundamentos legales de dicha demanda alegó la parte actora los siguientes:

I.—Las acciones civiles podrán deducirse dentro de los períodos prescritos por la ley, luego de existir su causa legal. Artículo 37 del Código de Enjuiciamiento Civil.

II.—El demandante podrá acumular varias acciones en una misma demanda, cuando todas se deriven de contratos, expresos ó tácitos, reclamaciones para recobrar determinada propiedad inmueble, y por sus rentas ó utilidades. Art. 104 de la misma ley.

III.—Cuando dos ó más personas, asociadas en cualquier negocio, lo realizan bajo un nombre común, comprenda éste ó no los nombres de dichas personas, los asociados podrán ser demandados bajo dicho nombre común, haciéndose en ese caso la citación á uno ó más de los asociados. Art. 73 de la misma ley.

IV.—En el contrato de arrendamiento, el arrendatario está obligado á pagar el precio del arrendamiento en los términos convenidos; siendo en el presente caso el de cincuenta dollars por mes vencido, y además, el pago del importe del agua consumida en cada uno de esos períodos. Art. 1458 del Código Civil.

. V.—Si no se hubiese fijado plazo al arrendamiento, se entiende hecho por años, cuando se ha fijado un alquiler anual, por meses, cuando es mensual, por días, cuando es diario. En el presente caso, que el alquiler es mensual, y por tanto, cada fin de mes termina el contrato, cesando en su consecuencia el arrendamiento, sin necesidad de requerimiento, cumpliendo el término máxime, cuando hay además falta de pago de los alquileres convenidos. Art. 1484 del expresado Código Civil.

VI.—Las obligaciones que nacen de los contratos, tienen fuerza

de ley entre las partes contratantes, y deben cumplirse al tenor de los mismos. Si "The Pto. Rico Publishing Co." celebró contrato de arrendamiento de la planta baja de la casa de Tetuán 64, con la dueña de dicha finca, y se comprometió á pagar cincuenta dollars mensuales, más el agua, y hoy debe, porque no ha pagado, el importe de las 17 últimas mensualidades y el del agua consumida, que en junto, ascienden á 884 dollars 20 cts., claro y evidente es que debe obligársele al cumplimiento de lo pactado y al pago de costas y gastos.

Citada en forma la Compañía demandada para que compareciera á contestar la demanda dentro del término legal, no lo verificó por lo que registrada que fué la rebeldía, á solicitud de la demandante, dictó la Corte de Distrito á petición de la misma parte la siguiente sentencia:

"*Sentencia.*—Hoy día 20 de Enero de 1905, se llamó este pleito para la vista, por su orden de señalamiento, y compareció el demandante por medio de su abogado y anunció estar listo. La parte demandada, que fué debidamente emplazada y cuya rebeldía se ha anotado debidamente, no compareció. El abogado de la demandante hizo sus alegaciones y presentó la prueba que fué practicada é informó luego oralmente. Y la Corte, habiendo considerado el caso, es de opinión que los hechos y la ley están en favor de la demandante, y en tal virtud, dicta sentencia ordenando, como ordena, al demandado que desocupe el local ó casa marcada con el No. 64 de la calle de Tetuán, de esta Ciudad, en término de 15 días, dejándolo á la libre disposición de su dueña, la demandante, y ordenando además, como ordena, al dicho demandado "The Pto. Rico Publishing Co." que pague á la dicha demandada, Josefa Cordero y Ledesma, la suma de 884 pesos 20 centavos, que le adeuda por alquileres vencidos y no pagados del dicho local. Las costas se imponen al demandado. Líbrese ejecución para satisfacer esta sentencia.—Pronunciada en Corte abierta, hoy 31 de enero, 1905."

Contra esta sentencia interpuso apelación la Compañía demandada por conducto de su abogado defensor don Manuel F. Rossy, y elevadas á esta Superioridad las actuaciones prevenidas, formuló su alegato con la soli-

citud de que se declare nula la sentencia apelada, dispo-
niéndose que la Corte de Distrito de San Juan dicte nue-
va sentencia, con arreglo á derecho, y alegando al efecto
los siguientes fundamentos:

1.—El vigente Código de Enjuiciamiento Civil no derogó toda la
antígua ley de Enjuiciamiento Civil, sino que dejaba vigentes las re-
glas procesales para ciertos juicios especiales, como el de desahucio.
La sustanciación, pues, del juicio de desahucio, ha de ajustarse á la
antígua ley, si bien subordinándola al patrón general del juicio esta-
blecido en el nuevo Código, manera de presentar la demanda, citación
del demandado, celebración del juicio, pruebas y fallo. Tan es así, que
la misma Legislatura en que se aprobó el nuevo Código de procedi-
mientos aprobó también otra ley de procedimientos especiales, entre
los que estaba el desahucio; y esta Ley, á pesar de la aprobación del
Gobernador, no pudo publicarse porque le faltaba la cláusula inicial
decretativa que exige el Bill Foraker. La misma Señora deman-
dante, reconoce esto implícitamente al redactar su demanda con
arreglo á la ley antigua, esto es, *con hechos y con fundamentos de
derecho* y al llamar su demanda, *demanda de desahucio.*

De modo que el procedimiento especial del desahucio contenido
en la antigua ley de Enjuiciamiento Civil, debe aplicarse á los jui-
cios de esa índole, y su infracción produce nulidad.

2.—La sentencia en los juicios de desahucio, sólo debe expresar
si se realiza ó nó el desahucio, y una vez que dicha sentencia sea
firme, entonces el Juez apercibirá de lanzamiento al demandado, si
no desaloja la finca dentro de quince días, que es término para el
presente juicio, por tratarse de establecimiento de industria. Así
lo dice el artículo 1594 de la antigua ley de Enjuiciamiento Civil.

Es indudable que la Corte ha infringido este artículo al dispo-
ner en su sentencia que el demandado desaloje la finca dentro de
quince días.

Este término no debió expresarse en la sentencia, por la razón
legal que acabamos de exponer, la cual es tan evidente, que el mis-
mo demandante sólo pide en su demanda lo que debía pedir, esto
es, que se disponga el desalojo de la finca.

Señalado día para la vista, tuvo lugar este acto con la
asistencia solo del abogado defensor de la parte apelada,
que combatió el recurso y pidió la confirmación de la sen-
tencia con las costas á la parte apelante.

Pasando ahora al examen de la cuestión que plantea el abogado defensor de los apelantes, sostiene éste en su alegato que no habiendo derogado el nuevo Código de Enjuiciamiento Civil los procedimientos especiales establecidos en la antigua ley de trámites, entre ellos el del juicio de desahucio, debió el presente juicio ajustarse á la tramitación establecida en la citada ley antigua, si bien acomodándola al patrón general del juicio establecido por el moderno Código de Enjuiciamiento Civil sobre la manera de establecer la demanda, la citación del demandado, la celebración del juicio, las pruebas y el fallo, y por consiguiente, que no habiéndose seguido ese procedimiento en el presente caso, es nula la sentencia pronunciada por la Corte de Distrito de San Juan que condenó á los demandados, hoy apelantes, al desalojo solicitado por la demandante y al pago de las costas.

Empero, si como sostiene la defensa de los apelantes la sustanciación de los juicios de desahucio después de la publicación del nuevo Código de Enjuiciamiento Civil debió continuar ajustándose á los trámites de la antigua ley, si bien vaciándolos en los nuevos moldes establecidos por la ley procesal moderna, quiere decir entonces que la tramitación propia y peculiar que establecía la antigua Ley de Enjuiciamiento Civil que constituía la especialidad de los juicios de desahucio, había desaparecido por completo hasta la publicación de la nueva ley sobre el desahucio, y que para obtener el desalojo de un inquilino, como para el ejercicio de otra acción cualquiera debía acudirse al juicio ordinario, único establecido por el nuevo Código de Enjuiciamiento Civil para el ejercicio de las acciones civiles de todas clases.

Por lo demás, cualquiera que sea la opinión que cada cual tenga formada sobre la tan debatida cuestión de la vigencia de los procedimientos especiales de la antigua ley de Enjuiciamiento Civil, después de la publicación del

nuevo Código de procedimientos, entiende el Juez que suscribe, que parece ocioso entrar á discutir esa cuestión en el caso presente toda vez que habiendo optado la demandante por el juicio ordinario establecido por el moderno Código de Enjuiciamiento Civil, para obtener el desalojo de la compañía demandada y al pago de los alquileres devengados y no satisfechos, es claro que el procedimiento seguido por la parte actora es perfectamente correcto y muy justa la sentencia pronunciada por la Corte de Distrito de San Juan, puesto que para ello estaba autorizada la demandante, tanto por el antiguo procedimiento, que no se oponía á que se promoviera un juicio declarativo para obtener el desalojo del inquilino, terminado que fuera el contrato de arrendamiento por cualquier causa legal, y el pago de los alquileres devengados y no satisfechos, cuanto por el nuevo Código de Enjuiciamiento Civil que no establece más que un solo juicio para el ejercicio de toda clase de acciones, y que autoriza al demandante para acumularlas en una misma demanda, siempre que reunan los requisitos que exige el artículo 104 del propio Código, como sucede en el caso presente, puesto que las acciones ejercitadas en la demanda para obtener el desalojo de la casa, y el pago de los alquileres vencidos y no satisfechos, tienen por objeto la devolución de la cosa arrendada con sus rentas vencidas é injustamente retenidas por el arrendatario que es precisamente uno de los casos en que procede la acumulación, con arreglo al citado Código de Enjuiciamiento Civil vigente.

No adoleciendo pues el procedimiento seguido por la parte demandante en este juicio, ni la sentencia en él pronunciada por la Corte de Distrito de San Juan, del vicio de nulidad objetado por la representación de los apelantes ni de otro alguno, puesto que los pronunciamientos que contiene dicha sentencia, se ajustan perfectamente á los preceptos legales, el juez que suscribe es de parecer

que debe esta Corte confirmar la sentencia apelada con las costas á los apelantes.

*Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac-Leary y Wolf.