## ROURKE *v.* PACHECO.

### APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 877.—Resuelto en diciembre 10, 1912.

DESAHUCIO—TRANSCRIPCIÓN DE AUTOS—EXCEPCIONES PREVIAS.—Conteniendo únicamente la transcripción de autos presentada en este caso la demanda y la excepción previa contra la demanda, este tribunal puede únicamente considerar la demanda para determinar si adolece de los defectos alegados en la excepción previa.

ID.—VENTA DE FINCA ARRENDADA—TERMINACIÓN DEL ARRENDAMIENTO.—Es indudable que el comprador de una finca arrendada tiene perfecto derecho a que termine el arrendamiento vigente al verificarse la venta, de acuerdo con el artículo 1474 del Código Civil, salvo los dos casos de excepción consignados en él, ninguno de los cuales aparece de la demanda presentada en este caso.

ID.—DEMANDA DE DESAHUCIO FUNDADA EN COMPRA POR EL DEMANDANTE DE LA FINCA ARRENDADA—JURISDICCIÓN DE LA CORTE DE DISTRITO—POSESIÓN EN PRECARIO.—Una demanda de desahucio fundada en el hecho de haber sido comprada por el demandante la finca arrendada, y en la cual se alegan estos hechos, no adolece del defecto de no aducir hechos suficientes que determinen una causa de acción, pues desde el momento en que el demandante compra la finca, la posesión del demandado no es en concepto de arrendatario del comprador sino en precario, y la jurisdicción para conocer de

demandas de desahucio fundadas en tales hechos, radica en la Corte de Distrito correspondiente.   (*Sosa* v. *Río Grande Agrícola Company Limited*, 17 D. P. R., 1150.)

ID.—AMBIGÜEDAD DE LA DEMANDA—DUDAS EN CUANTO AL FUNDAMENTO DE LA ACCIÓN DE DESAHUCIO.—Si bien la demanda en este caso parece basarse en la posesión precaria, sin embargo el demandante consignó en su alegación sexta lo siguiente: ''* * * no obstante lo cual apoderado del fundo; y a pesar de haber transcurrido el día 4 del corriente en que debía verificar el pago, según el arrendamiento existente al tiempo de la venta, no ha satisfecho suma alguna al demandante.'' *Se resolvió* que debe sostenerse la excepción previa de que la demanda es dudosa, pues la alegación transcrita produce la duda de si la acción de desahucio en este caso está fundada en la falta de pago por el demandado al demandante de la cantidad que debía pagar por el arrendamiento existente antes de la venta, y dicha alegación es innecesaria si la demanda se funda en la posesión en precario, o sea en el hecho de la compra de la finca arrendada por el demandante; y si la acción estuviera fundada en la falta de pago del arrendamiento, faltaría entonces la alegación de que el precio del arrendamiento computado por una anualidad excede de mil dollars, que es esencial para dar jurisdicción a la corte de distrito.

ID.—ACCIÓN DE DESAHUCIO—INDEMNIZACIÓN DE DAÑOS Y PERJUICIOS.—El único fin de la acción de desahucio es recuperar la posesión de un inmueble tenida por alguna persona, y es improcedente reclamar en la misma demanda de desahucio, indemnización de daños y perjuicios. (*Puig* v. *Soto*, resuelto en mayo 13, 1912.)

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eugenio Benítez Castaño.*

Abogado del apelado: *Sr. Tomás Bernardini de la Huerta.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la Corte de Distrito de Guayama se siguió un juicio de desahucio de Mike O. Rourke contra Eugenio Pacheco, en el que se declararon sin lugar las excepciones previas opuestas por el demandado, con lugar la demanda, y se condenó a Eugenio Pacheco a que dentro de veinte días desalojase la finca objeto del juicio, apercibido de lanzamiento, condenándosele además a que pague al demandante la cantidad de $300 por los daños y perjuicios reclamados, y las costas.

Interpuesta apelación por el demandado contra esta sentencia, se nos ha presentado una transcripción de los autos en la que no encontramos otras alegaciones que la demanda y la excepción aducida por el demandado, por cuyo motivo hemos de considerar únicamente si la demanda adolece de

los defectos alegados en la excepción previa. En consecuencia consignaremos sustancialmente los hechos de la demanda, radicada en 8 de mayo del presente año.

Mike O. Rourke, el demandante, alegó que por escritura pública de 20 de abril último compró a Doña Carmen López Navarro, asistida de su esposo, la finca rústica que describe, la que al tiempo de la venta estaba sujeta a un contrato privado de arrendamiento celebrado entre la vendedora y el demandado Eugenio Pacheco, el que, en su cláusula 9ª., establece que en caso de venta será preferido el arrendatario en precio igual a otro comprador, pero si Pacheco no tuviese recursos para efectuar la compra no será ello obstáculo para que la venta se realice, quedando rescindido el contrato y debiendo serles pagadas las mejoras que haya introducido previa tasación de peritos; que cuando el demandante compró la finca había sido obtenida por escrito la conformidad del arrendatario y había dado la dueña los pasos necesarios para la tasación de las mejoras que hubieran, aunque inútilmente por haberse negado a ello el demandado; que después de ser éste notificado de la compra hecha por el demandante y de haberle éste requerido en 22 de abril para que desocupara la finca, no solamente se ha negado a ello sino que está destruyendo el arbolado, en contravención a lo estipulado con la anterior dueña en su contrato de arrendamiento; que en 28 del propio mes fué nuevamente requerido para que cesara de causar los mencionados daños y se le previno que si no verificaba la entrega de la finca tendría que pagar $100 mensuales por el disfrute de ella, mientras continuara en su posesión, no obstante lo cual y de haber transcurrido el día 4 de mayo en que debía verificar el pago, según el arrendamiento existente al tiempo de la venta, no ha satisfecho suma alguna al demandante; que la negativa del demandado a entregarle la finca y la destrucción que ha hecho en las plantaciones de ella le han causado daños y perjuicios por más de $300, por lo que concluyó con la súplica de que se declarara con lugar el desahucio, se ordenara el desalojo del demandado y se le

condenara a pagarle $300 en concepto de daños y perjuicios más las costas.

La excepción del demandado se fundó: 1º., en que la demanda no aducía hechos suficientes para determinar una causa de acción de desahucio; 2ª., en que la corte no tenía jurisdicción en la materia de la acción, y 3º., que la demanda es ambigua, ininteligible y dudosa, y se expusieron las razones en que fundó el demandado las dos últimas causas de excepción.

Es indudable que el comprador de una finca arrendada, tiene perfecto derecho a que termine el arrendamiento vigente al verificarse la venta, de acuerdo con el artículo 1474 del Código Civil, salvo los dos casos de excepción consignados en él, ninguno de los cuales aparece de la demanda. De acuerdo, pues, con este precepto, si la demanda de desahucio está fundada en el hecho de haber sido comprada la finca por el demandante, no podrá sostenerse que la demanda no aduce hechos que determinen una causa de acción, ni tampoco que la Corte de Distrito carezca de jurisdicción, por cuanto desde el momento de la compra por el demandante, la posesión del demandado no era en concepto de arrendatario del comprador, y ha de equipararse a la posesión en precario; y cuando la demanda de desahucio se basa en ese fundamento la jurisdicción para resolverla radica en la corte de distrito. (Ley de Desahucio de 9 de marzo de 1905, y sentencia dictada en el caso de *Sosa* v. *Río Grande Agrícola Company, Limited,* 17 D. P. R.,1150.)

Sin embargo, la dificultad en este caso estriba en poder determinar si la demanda de desahucio está basada en la posesión precaria, nacida del derecho reconocido por la ley al comprador para dar por terminado el arrendamiento existente cuando compró, o si el motivo de ella es la falta de pago de acuerdo con el arrendamiento anterior a la compraventa.

Si bien la demanda parece basarse en la posesión pre-

caria, sin embargo, el demandante consignó en su alegación sexta lo siguiente:

"* * * no obstante lo cual apoderado del fundo; y a pesar de haber transcurrido el día 4 del corriente en que debía verificar el pago, según el arrendamiento existente al tiempo de la venta, no ha satisfecho suma alguna al demandante."

Esta alegación, innecesaria si la demanda se funda en el precario, una vez hecha produce la duda de si la acción se establece porque no ha satisfecho el demandado al demandante la cantidad que debía pagar por el arrendamiento existente antes de la venta; duda que es de mayor importancia en este caso, porque si éste fuera el fundamento de la demanda, faltaría entonces la alegación de que el precio del arrendamiento computado por una anualidad excede de mil dollars, que es esencial para dar jurisdicción a la corte de distrito. El fundamento de ser dudosa la demanda aparece claro y debe sostenerse.

Además, en esta demanda de desahucio se ejercita también la acción de cobro de trescientos pesos por daños y perjuicios, que es improcedente en el procedimiento especial establecido por la ley únicamente para ejercitar la acción de desahucio, el que no tiene otro fin que recuperar la posesión tenida por alguna persona, bien precariamente, ya después de haber infringido sus obligaciones como arrendatario. (*Puig* v. *Soto*, fallado por esta Corte Suprema en 13 de marzo de 1912.)

Por las razones expuestas debe revocarse la sentencia apelada y declararse con lugar la excepción de que la demanda es dudosa, concediéndose permiso para que el demandante la enmiende.

*Revocada, con instrucciones al tribunal sentenciador para que conceda permiso al demandante para que enmiende la demanda.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf, y del Toro.