FINLAY, DEMANDANTE Y APELADA, *v.* R. FABIÁN & CÍA.,
DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 1ª., en causa sobre desahucio.

No. 1432.—Resuelto en junio 21, 1916.

ARRENDAMIENTO—PAGOS LOS DÍAS ÚLTIMOS DE CADA MES—DINERO.—Cuando en un contrato de arrendamiento se conviene que el arrendatario pagará determinada cantidad de dinero al arrendedor el día último de cada mes, claramente se estipula que habrá de entregársele dinero, según el artículo 1138 del Código Civil.

ID.—PAGOS POR ABONOS EN CUENTA CORRIENTE.—Aunque el arrendador hubiere aceptado en un contrato anterior de arrendamiento que los cánones se le pagasen mediante abonos en una cuenta corriente en vez de hacerse en metálico, esto no significa que también aceptara esa forma de pago para un contrato posterior en que se conviene que los pagos se hagan en dinero.

ID.—PAGOS LOS DÍAS ÚLTIMOS DE CADA MES—REQUERIMIENTO DE PAGO—DESAHUCIO.—En un contrato de ·arrendamiento en que el arrendatario se compromete a pagar el precio convenido el día último de cada mes, su obligación de efectuar el pago nace en dicho día, sin necesidad de requerimiento alguno por el arrendador, no siendo necesario el requerimiento de pago antes de ejercitar la acción de desahucio.

DESAHUCIO—CONSIGNACIÓN DE LO DEBIDO—OFRECIMIENTO DE PAGO—LIBERACIÓN.—Para que la consignación de lo debido libere al obligado, deberá hacerse el ofrecimiento de pago antes de que haya transcurrido el plazo en que la obligación deba cumplirse.

ID.—IMPEDIMENTO O ESTOPPEL—TRANSCURSO DE CINCO MESES.—No existe disposición alguna según la cual un arrendador esté impedido de ejercitar su acción de desahucio por haber transcurrido cinco meses sin que le pagaran los arrendamientos.

ID.—EQUIDAD—LEY.—Cuando la ley manda a hacer una cosa o la prohíbe, la equidad no puede intervenir en sentido contrario o dispensar la obligación.

ID.—SENTENCIA PROCEDENTE—COBRO DE ARRENDAMIENTO—CUANTÍA LITIGIOSA—HONORARIOS DE ABOGADO.—La única declaración que puede contener la sentencia de desahucio es si procede o no declararlo con lugar y en caso afirmativo ordenar el desalojo de la finca. No se establece ese procedimiento para obtener el cobro de cantidades debidas por arrendamientos, pues sus defensas son limitadas, aunque la falta de pago de ellos es uno de los casos que dan lugar al desahucio. Por tanto, no teniendo cuantía el juicio de desahucio, no procede en él la condena de honorarios de abogado.

COSTAS Y DESEMBOLSOS—TEMERIDAD O MALA FE—DISCRECIÓN JUDICIAL.—Las condenas por costas y desembolsos puede imponerlas el juez en cualquier caso a discreción, si existe culpabilidad, temeridad o mala fe.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Bosch & Soto.*

Abogados de la apelada: *Sres. J. Henri Brown* y *Eugenio Benítez Castaño.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

La sociedad mercantil R. Fabián & Cía. interpuso este recurso de apelación contra la sentencia que declaró con lugar la demanda de desahucio establecida contra ella en primero de septiembre de 1915 por Josefina Finlay en la que se alega que la sociedad no le había pagado los cánones de arrendamiento de su casa No. 19 de la Calle de San Justo de esta ciudad correspondientes a los meses vencidos de abril, mayo, junio, julio y agosto de dicho año.

La parte apelante alega en el recurso para apoyar su pretensión de que revoquemos la sentencia apelada que el tribunal cometió varios errores, consistiendo el primero en lo siguiente:

"1º. Declarar con lugar la demanda por falta de pago del canon convenido, no obstante la prueba practicada por el demandado y aceptada por la corte demostrativa de haberse efectuado el pago en la forma establecida y aceptada por las partes."

La demanda se funda en el contrato escrito de 12 de abril de 1915, para regir desde el primero de dicho mes, por el cual Rafael Fabián, como apoderado de su esposa Josefina Finlay, dió en arrendamiento a la sociedad demandada la expresada casa por término de seis años y tres meses, y $2,400 de arrendamiento al año, pagaderos por mensualidades vencidas a razón de $200 en cada día último de todos los meses, durante la duración del contrato.

De las alegaciones de la parte demandada y de su prueba resulta: que la demandante es socia comanditaria de la mercantil demandada y esposa del gestor Rafael Fabián; que en los primeros días del mes de abril de 1915 surgieron desaveniencias graves entre los esposos que dieron por resultado el que la Sra. Finlay presentara en el mismo mes demanda de divorcio; que el establecimiento mercantil de la deman-

dada lleva muchos años establecido en dicha casa en la que le correspondían ciertas participaciones, hasta que finalmente llegó a ser la única dueña la demandante; que antes del contrato escrito de arrendamiento mencionado existía contrato verbal de arrendamiento y que la mercantil demandada tenía abierta en sus libros a la demandante una cuenta corriente en la que desde el año 1913 le cargaba los gastos por contribuciones y otros conceptos que por ella hacía y le abonó en 31 de marzo de 1914 y de 1915 lo que por arrendamiento le correspondía de acuerdo con sus participaciones en la casa, y que en los días últimos de los meses de abril, mayo, junio, julio y agosto de 1915 se abonaron también en esa cuenta los respectivos cánones por alquileres a razón de $200.

Con tales hechos sostiene la parte apelante en apoyo de ese primer motivo de error que no habiéndose convenido nada en el contrato acerca de la forma de pago, porque la fijación de la cantidad y de la fecha del pago no arguye la forma en que el pago deba verificarse, pudo tal forma convenirse expresa o tácitamente entre las partes y que ha probado que los pagos de los meses a que se refiere la demanda fueron hechos de conformidad con lo acostumbrado y consentido por las partes.

No tiene razón la parte apelante al consignar que las partes nada convinieron respecto a la forma de verificarse el pago de los cánones de arrendamiento, pues habiendo estipulado en el contrato que la sociedad pagaría a la propietaria $200 el día último de cada mes, claramente convinieron en que había de entregársele dinero, pues según el artículo 1138 del Código Civil el pago de las deudas en dinero deberá hacerse en la especie pactada.

Es cierto que las partes pueden modificar sus convenciones, pero en este caso no hay prueba alguna de que la demandante conviniera con la demandada en una forma de pago diferente de la establecida en el contrato, o sea de la entrega mensual de dinero fijado como precio de arrendamiento, pues no es tal prueba el hecho de que con anterioridad

al contrato que sirve de base a la demanda se hiciera el pago
de los cánones por abonos en una cuenta corriente, forma
de pago que tampoco consta en manera alguna que fuera
aceptada por la Sra. Finlay.   Celebrado el contrato por cuyo
incumplimiento se estableció la demanda en los días en que
cesaron las relaciones conyugales de la demandante y de su
esposo el gerente de la sociedad R. Fabián & Cía. y estable-
cida la demanda de divorcio antes de vencer el primer plazo
del arrendamiento, no podía esperar dicho gestor que la
dueña de la casa fuera tolerante en la forma de verificarse
los pagos, como quizás lo fué antes, y debió seguir el consejo
de su otro socio de pagar en metálico como estaba convenido,
si quería evitar el pleito que ha sobrevenido.   La mera con-
descendencia no significa un convenio en una forma de pago
distinta de la expresamente convenida.   *García* v. *Fernández,*
8 D. P. R. 106.   Además, aun en el supuesto de que durante
la vigencia del anterior contrato hubiera aceptado la deman-
dante el cobrar sus cánones por abonos en una cuenta co-
rriente, esto no probaría que hubiera aceptado esa forma de
pago para el posterior contrato en el que expresamente se
convino que se pagaría en dinero.

También alega el apelante que la sociedad demandada
había pagado los arrendamientos porque tenía derecho a com-
pensar su deuda por alquileres con lo que a su vez le debía la
demandante por varios conceptos, según la cuenta corriente.
Esta cuestión no es necesario considerarla, pues aunque en
una acción de desahucio para la posesión de la finca tu-
viera la demandada por falta de pago el derecho de alegar
compensación de deuda, siempre resulta de la propia cuenta
corriente presentada por la demandada, que en 31 de agosto,
víspera de presentarse la demanda, existía un saldo a favor
de la demandante de $551.47, por lo que a lo menos se le debían
los alquileres de julio y agosto.

El segundo error se alega en esta forma:

"2º. Desconocer el principio de derecho que impone al arrendador
la obligación de requerir de pago al arrendatario antes de poder

ejercitar la acción especialísima de desahucio; aun prescindiendo del precepto de derecho citado, la corte debió haber tenido en cuenta las circunstancias de este caso y declarar sin lugar la demanda por no haber avisado la demandante a la demandada su voluntad de no continuar el pago de los alquileres en la forma hasta entonces verificados, máxime cuando el demandante dejó transcurrir cinco meses de cumplirse el contrato en esa forma para entonces demandar en desahucio.''

La primera cuestión de las dos que comprende este alegado error es si para poder ejercitar la acción de desahucio es requisito haber exigido el pago del arrendamiento.

El artículo 1472 del Código Civil dispone que el arrendador podrá desahuciar judicialmente al arrendatario, entre otras causas, por la falta de pago en el precio convenido. Pero para que exista la falta de pago ¿es necesario que se haya hecho requerimiento al deudor? Esto es lo que sostiene la parte apelante.

Ordena el artículo 1058 del propio código que las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y deben cumplirse al tenor de las mismas, por lo que habiéndose comprometido R. Fabián & Cía. a pagar el día último de cada mes el precio del arrendamiento a la demandante, nació su obligación de efectuar el pago en dicho día sin necesidad de requerimiento, porque su obligación de pagar no quedó subordinada a esa condición y no tenía necesidad la arrendadora de requerir de pago antes de ejercitar su acción de desahucio. El artículo 1458 del Código Civil impone al arrendatario como una de sus obligaciones la de pagar el precio del arrendamiento en los términos convenidos, y en este caso el convenio fué el de que la arrendataria pagaría el día último de cada mes. En el caso de *García v. Fernández, supra,* se propuso esta misma cuestión y este tribunal sostuvo la sentencia que había declarado el desahucio. Varias veces se ha resuelto que para que la consignación de lo debido libere al obligado, deberá hacerse el ofrecimiento de pago antes de que haya transcurrido el plazo en

que la obligación deba cumplirse.  Sentencia del Tribunal Supremo de España de 26 de noviembre de 1896; *García* v. *Fernández, supra,* y *Veve* v. *The Fajardo Sugar Growers' Association,* 18 D. P. R. 282.

En el segundo fundamento del motivo de error que consideramos sostiene el apelante que el desahucio debe declararse sin lugar por no haber avisado la demandante a la demandada su voluntad de no continuar el pago de los alquileres en la forma hasta entonces verificado, esto es, por abonos en una cuenta corriente, máxime cuando la demandante dejó transcurrir cinco meses de cumplirse el contrato en esa forma para entonces demandar en desahucio.

Respecto de esta cuestión nos bastará recordar lo que antes dijimos: que tratándose de un contrato nuevo no podían aplicársele los convenios del anterior y que tampoco se probó que con respecto al anterior contrato la demandante conviniera con la demandada en que los pagos se le hicieran por abonos en cuenta corriente y no en dinero.  El que la demandante dejara transcurrir cinco meses sin ejercitar su acción de desahucio tampoco significa que estuviera conforme en que se le pagara con los abonos que la demandada hacía en cuenta corriente.

El tercer error alegado dice:

"3°. Desconocer o no aplicar a este caso la doctrina que declara improcedente la acción sumaria de desahucio cuando las relaciones entre el arrendador y el arrendatario no son las exclusivamente derivadas del contrato de arrendamiento sino otras y diversas que establecen modalidades de acción, vínculos y circunstancias imposibles de apreciar y con justicia resolver en la acción especial de desahucio; la que, por otra parte, no puede abarcar otro extremo que el motivo en que se funda o circunstancias que a él se refieran, principio igualmente violado por la corte al considerar circunstancias que más bien afectan al contrato base de la acción que al motivo de desahucio alegado."

En este caso no se ha demostrado que las relaciones entre la arrendadora y la sociedad arrendataria no son exclusiva-

mente las que surgen de su contrato.  La demanda se fundó
en falta de pago y la demandada trató de probar el pago
presentando una cuenta corriente en la que aparecían abo-
nados los alquileres a la demandante y, por tanto, la única
cuestión es la de si el pago en esa forma es el pago que dice
el contrato.  Hemos declarado antes que el pago en esa forma
no era el convenido, y las demás cuestiones relativas a las
relaciones entre la demandante y uno de los gestores de la
sociedad demandada en nada alteran ni cambian la relación
jurídica entre las partes de este pleito ni son importantes
para la cuestión que surge de las alegaciones, por lo que no
existe el error alegado.

Cuarto error:

"4°. La teoría de *estoppel* reconocida unánimemente por la juris-
prudencia y consignada en la Ley de Evidencia, que impide al de-
mandante negar o quitar eficacia a un estado de hechos por él con-
sentido y sobre el cual actuó la parte demandada, si tal negativa
o falta de eficacia redunda en perjuicio del demandante."

La alegación de este error descansa en la base falsa de
que la demandante aceptó la forma de pago de su arrenda-
miento por abonos en cuenta corriente, pero después de lo
que hemos declarado sobre este particular, no es necesario
que le prestemos mayor atención.

El quinto error que se alega basado en la teoría de ne-
gligencia (*laches*) por haber dejado transcurrir la deman-
dante cinco meses sin presentar su demanda, tampoco es
sostenible.  La acción de desahucio se rige por la ley y no
conocemos disposición alguna, ni se cita, según la cual la
demandante esté impedida de ejercitar su acción de desahucio
por haber transcurrido cinco meses sin que le pagaran los
arrendamientos.

Sostiene la parte apelante en el 6.° error que atribuye
al tribunal sentenciador que no debió declarar con lugar el
desahucio porque los tribunales son refractarios a la pérdida
y anulación de los contratos y se inclinan a aceptar la inter-

pretación que sea favorable a sostenerlos, aceptando como buenas las circunstacias o excusas equitativas y razonables que eviten la terminación de los contratos.

Sin embargo, la única cuestión en este caso es si el demandado cumplió su obligación de pagar de acuerdo con lo pactado en su contrato, y si como entendemos, no lo cumplió, entonces infringió la obligación que le impone la ley de pagar el arrendamiento en los términos convenidos y no pueden aplicarse principios de equidad como los que expone. Cuando la ley manda a hacer una cosa o la prohibe, la equidad no puede intervenir en sentido contrario o dispensar la obligación. 1 Story's Eq. Jur. pág. 61.

El último error que se alega se funda en haber condenado la sentencia al pago de costas, desembolsos y honorarios de abogado, porque aunque se estime que la ley es aplicable hubo abuso de discreción al imponerlas, dada la falta de temeridad del demandado.

El juicio de desahucio es un procedimiento especial de naturaleza sumaria que tiene por fin recuperar la posesión material de alguna finca lanzando de ella al que la detenta sin pagar canon o merced, o a la persona que se le ha dado en arrendamiento cuando falta a alguna de sus condiciones. *García* v. *Brignoni,* 22 D. P. R. 366 y casos que cita. La única declaración que puede contener la sentencia de desahucio es si procede o no declararlo con lugar y en caso afirmativo ordenar el desalojo de la finca. No se estableció ese procedimiento para obtener el cobro de cantidades debidas por arrendamientos, pues sus defensas son limitadas, aunque la falta de pago de ellos es uno de los casos que dan lugar al desahucio. El cáso de *Cordero* v. *The Porto Rico Publishing Co.,* 9 D. P. R. 315 que admitió la acumulación de acciones de cobro de alquileres y de desalojo era un juicio ordinario y no el especial de desahucio. No tiene cuantía la reclamación, por más que a los efectos de determinar la jurisdicción del tribunal se declara en la ley que los jueces municipales conocerán de los juicios cuando el canon de arrendamiento

o precio o cantidad que, por virtud de cualquier contrato, deba pagarse, computada por una anualidad, no exceda de $1,000 y que en todos los demás casos conocerán los tribunales de distrito. No es, pues, el valor del inmueble el que confiere jurisdicción, pues si la demanda es por precario conocerá de ella el tribunal de distrito por pequeño que sea el valor, y si el precio de una anualidad no excede de $1,000 corresponderá al juez municipal.

No teniendo, pues, cuantía ese juicio, cometió error el tribunal inferior al imponer al demandado el pago de los honorarios del abogado de la parte contraria, pues según la ley de marzo 12, 1908, sólo está facultado para imponer esa condena cuando la materia litigiosa exceda de $500 y exista culpabilidad. *Modesto* v. *Sucesión Dubois,* 16 D. P. R. 745. *Cruz* v. *Santiago,* (pág. 108.)

En cuanto a las otras condenas por costas y desembolsos puede imponerlas el juez en cualquier caso discrecionalmente, si existe culpabilidad, temeridad o mala fe. *Martínez* v. *Padilla,* 19 D. P. R. 582.

El deber de la demandada era el de pagar los arrendamientos entregando dinero a la demandante, y el hecho de verificar el pago mediante abonos en una cuenta corriente sin otra razón que las relaciones conyugales de la demandante con uno de los socios de la demandada no excusó su conducta después que entre ellos existió un rompimiento y procedió la demandada temerariamente a pagar en una forma distinta de la convenida, por lo que no podemos alterar ese particular de la sentencia.

Por las razones expuestas, debe confirmarse la sentencia apelada menos en el extremo que condena a pagar los honorarios de abogado de la parte demandante.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.