Ramón Pérez Cortés, peticionario, *v.* La Corte de Distrito de Mayagüez, Hon. Francisco Navarro Ortiz, Juez, demandada.

Núm. 1218.—*Sometido:* Noviembre 12, 1940. *Resuelto:* Diciembre 17, 1940.

*José Martín Betancourt,* abogado del peticionario; *Carlos García Méndez,* abogado del interventor, demandante en el pleito principal.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Versa este recurso sobre consignación de cánones de arrendamiento y prestación de fianza en casos en que se apela de sentencias de desahucio.

Emiliano Ortiz inició en la Corte Municipal de San Germán un pleito titulado "desahucio y cobro de cánones de arrendamiento", contra Ramón Pérez. La demanda contiene tres causas de acción.

Se alega en la primera que el demandante es dueño de un solar y casa situados en la calle de la Luna esquina Príncipe Alfonso de la ciudad de San Germán, que el demandado ocupa la planta baja de la casa como arrendatario mediante canon mensual de veintidós dólares pagadero por mensualidades vencidas y que vencida la mensualidad de ese mes en junio 30, 1939, no la satisfizo.

Por la segunda se sostiene que cuando el demandante adquirió la finca ya el demandado ocupaba la planta baja de la casa a virtud de convenio verbal con el dueño anterior y continuó ocupándola en igual forma, habiéndole notificado el demandado que deseaba terminar el contrato el treinta de junio, sin que el demandado llegada esa fecha desocupara el inmueble, negándose por el contrario a dejarlo a su libre disposición.

Y por la tercera que el demandado le adeuda el canon de veintidós dólares correspondiente a junio, 1939, y se niega a pagarlo.

Se emplazó al demandado en la forma ordinaria en relación con la tercera causa de acción o sea la que se refiere al cobro de los veintidós dólares por el arrendamiento vencido en junio 30, 1939, y por documento separado se le citó en la forma que prescribe la ley especial de desahucio en relación con las causas de acción primera y segunda.

El demandado excepcionó la demanda por falta de hechos suficientes y la contestó aceptando los de la primera causa de acción, menos el relativo a la falta del pago, aceptando los de la segunda menos el de que el demandante le notificara su deseo de dar por terminado el contrato, y negando los de la tercera.

No consta la forma en que el juicio fué celebrado. Sólo aparece una larga "sentencia" de la corte municipal que termina así:

"Por las razones expuestas anteriormente, la corte resuelve declarar como declara con lugar la demanda, decretando el desahucio del demandado, sus familiares, subarrendatarios y cualesquiera otras personas que estén bajo su mando y custodia de la finca a que se hace referencia en la demanda dentro de 20 días a partir de que esta sentencia sea firme y lo condena al pago de la suma de $22, importe de la mensualidad vencida y no pagada, correspondiente al mes de junio de 1939, los intereses legales sobre dicha suma desde el día 15 de julio de 1939, fecha en que fué radicada esta demanda, más las costas."

Apeló el demandado para ante la corte del distrito y la corte municipal admitió el recurso en los siguientes términos:

". . . que por el demandado se consigne el importe del precio adeudado hasta la fecha de la sentencia, así como que preste una fianza de $240 para responder de los daños y perjuicios que pudieran irrogársele al demandante y para cubrir las costas de la apelación.

"San Germán, Puerto Rico, a 24 de noviembre de 1939.—(fdo.) Luis Angel Limeres, Juez Municipal.

"5 meses a $22 ------------------------------------ $110.00
"Costas ------------------------------------------ 7.25
"Int. de $22 hasta Nov. 21 ------------------------ 1.00
"Fianza ------------------------------------------ 240.00
                                                    ———
                                                   $358.25"

La suma de $358.25 fué en efecto consignada y los autos se elevaron a la Corte de Distrito de Mayagüez. Señalada la vista para abril 11, 1940, fué suspendida a petición de ambas partes.

Así las cosas, en mayo primero siguiente el apelado presentó una moción para que el recurso se desestimara porque el demandado apelante había dejado de consignar la mensualidad vencida el día anterior o sea el treinta de abril. Se opuso el apelante porque no venía obligado a la consignación por no tratarse de un desahucio por falta de pago y sí

por notificación de terminación de arrendamiento y porque al decretarse el desahucio por terminación del contrato y al apelar radicó la fianza exigídale por la corte para responder de los daños y perjuicios que pudiera irrogar el recurso al demandante, quedando así cumplidos los fines de la ley.

Oídas las partes sobre la moción la corte de distrito la declaró con lugar. Pedídale reconsideración, la negó.

Fué entonces que el demandado apelante Pérez acudió en *certiorari* ante este tribunal. Expedido el auto, fueron las partes oídas el doce de noviembre último, quedando el caso sometido finalmente a nuestra consideración y resolución.

■ Aunque la cuestión de indebida acumulación de acciones o más concretamente sobre si dentro de un juicio especial de desahucio se pueden cobrar los arrendamientos dejados de satisfacer, no ha sido tratada por las partes, nos parece oportuno llamar la atención hacia lo resuelto por esta Corte en el caso de *Finlay* v. *R. Fabián & Cía.*, 24 D.P.R. 152, 159, a saber:

"El juicio de desahucio es un procedimiento especial de naturaleza sumaria que tiene por fin recuperar la posesión material de alguna finca lanzando de ella al que la detenta sin pagar canon o merced, o a la persona que se le ha dado en arrendamiento cuando falta a alguna de sus condiciones. *García* v. *Brignoni*, 22 D.P.R. 356, 366, y casos que cita. La única declaración que puede contener la sentencia de desahucio es si procede o no declararlo con lugar y en caso afirmativo ordenar el desalojo de la finca. No se estableció ese procedimiento para obtener el cobro de cantidades debidas por arrendamientos, pues sus defensas son limitadas, aunque la falta de pago de ellos es uno de los casos que dan lugar al desahucio. El caso de *Cordero* v. *The Porto Rico Publishing Co.*, 9 D.P.R. 315 que admitió la acumulación de acciones de cobro de alquileres y de desalojo era un juicio ordinario y no el especial de desahucio."

Véanse además los casos de *Coira* v. *Ortiz*, 18 D.P.R. 213 y *Rourke* v. *Pacheco*, 18 D.P.R. 981, 985.

■■ Y yendo ahora a la cuestión de consignación diremos que es en verdad confuso el caso.

Examinemos la ley. Prescribe:

"No se admitirá al demandado el recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funde en falta de pago de las cantidades convenidas.

"En cualquier otro caso será requisito indispensable para ejercitar el recurso de apelación por parte del demandado, que éste otorgue fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que puedan irrogarse al demandante, y de las costas de la apelación.

"Tanto la consignación como la fianza de que habla la presente sección deberán quedar formalizadas dentro del término concedido para la apelación." Art. 12 de la Ley especial sobre desahucio que es el 631 del Código de Enjuiciamiento Civil, ed. 1937.

Para admitir la apelación sabemos que el juez municipal exigió que se consignara no ya el importe de los cinco meses de arrendamiento que se debían a la fecha de la admisión, si que las costas del pleito y los intereses sobre la mensualidad dejada de satisfacer y por sobre todo eso doscientos cuarenta dólares más para daños y perjuicios. Quiere decir que el juez municipal actuó de modo tan favorable al demandante que garantizó sus derechos en las dos formas que para situaciones distintas determina el estatuto.

A todo se avino el apelante. E hizo más. La fianza fué prestada—consignándose su importe—en noviembre 24, 1939, y radicados los autos en la corte del distrito, continuó consignando en ella los cánones de arrendamiento. Fué en mayo primero de 1940 que se pidió la desestimación por haberse dejado de consignar el día anterior—abril 30, 1940—el vencido en esa fecha y por esa *falta* fué que la desestimación se decretó.

Ese día primero de mayo de 1940 sólo había dejado de consignar expresamente el demandado apelante el canon correspondiente a abril anterior, veintidós dólares, y tenía depositados doscientos cuarenta dólares para responder al dicho demandante apelado de cualquier daño o perjuicio que

pudiera irrogarle con motivo del recurso, incluyendo, por supuesto, la falta de pago de los cánones de arrendamiento.

Sostiene el apelado que su acción se basó en falta de pago del canon de arrendamiento y que la ley—párrafo primero del artículo transcrito—es terminante.

La ley en su apartado primero es clara en efecto, pero no lo es la base de que se parte para pedir su aplicación exclusiva como reguladora de este caso. La confusión en cuanto a la base la creó el propio demandante apelado al ejercitar dos causas de acción para pedir el desahucio y al reclamar el cobro de la mensualidad dejada de satisfacer. Si la corte municipal hubiera partido exclusivamente de la falta de pago como fundamento del desahucio, no hubiera exigido la fianza de doscientos cuarenta dólares yendo al campo del segundo párrafo del precepto legal. Además, de hecho lo que hizo el demandado apelante al consignar el importe de la fianza, fué consignar por adelantado cánones de arrendamiento correspondientes a diez meses por lo menos, siendo el de abril de 1940 el primero de ellos.

En el caso de *Petition of Zeno*, 14 F. (2d) 418, 420, se dijo:

"Aunque la cuestión no parece haber sido tratada por los letrados en sus alegatos, somos del criterio que, cuando la acción de desahucio en la cual se entabla apelación, no sólo se funda en la falta de pago de los cánones de arrendamiento si que también en otros fundamentos, la misma cae dentro de la clase de casos a que se refiere el artículo 12 del estatuto como "en cualquier otro caso", y que se cumple con los requisitos del artículo y la apelación se perfecciona si el peticionario presta una fianza satisfactoria a la corte de distrito para responder de los daños y costas de la apelación; que en tal caso no se requiere de un apelante para perfeccionar y sostener su apelación que deposite en corte los arrendamientos vencidos y no pagados y todos los otros que puedan haberse acumulado con anterioridad a su apelación, ya que la fianza se exige como garantía para cubrir los cánones al igual que cualesquiera otros daños que pueda sufrir el apelado por la demora ocasionada por la apelación; que es sólo cuando el incumplimiento que es la base de la acción lo constituye exclusivamente la falta de pago del canon de arrendamiento cuando se

requiere al apelante que consigne en corte los cánones adeudados y los que vayan venciendo, a fin de perfeccionar y sostener su apelación; y como la presente acción se basó en otros incumplimientos (*defaults*) al igual que en la falta de pago de los arrendamientos, la apelación fué debidamente perfeccionada y puede ser sostenida, habiendo el apelante prestado una fianza aprobada por la corte de distrito, para garantizar el pago de todos los daños y costas de la apelación; . . ."

Siendo los expuestos los hechos del caso, estando perfectamente garantizados los intereses de la parte apelada, no debió decretarse por la corte de distrito la desestimación de la apelación por falta de garantía, si que el recurso debió continuar para ser resuelto por sus méritos. Lo que decimos no empece a que si la fianza llegare a ser insuficiente y no se ampliare a tiempo, no pueda el apelado solicitar de nuevo la desestimación del recurso.

*Procede en tal virtud declarar nula la desestimación y devolver el caso a la corte de su origen para ulteriores procedimientos no inconsistentes con esta opinión.*