José Eugenio Géigel, peticionario, *v.* Corte de Distrito de San Juan, Hon. Emilio S. Belaval, Juez Interino, demandada.

Núm. 28.—*Sometido:* Diciembre 18, 1944. *Resuelto:* Diciembre 20, 1944.

*Géigel & Silva,* abogados del peticionario; los demandados en el pleito principal no comparecieron.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En una acción de desahucio por falta de pago del canon de arrendamiento de una finca urbana situada en Santurce, propiedad del aquí peticionario, la Corte Municipal de San Juan dictó sentencia en rebeldía cuya parte dispositiva dice así:

"La Corte declara con lugar la demanda de desahucio por rebeldía del demandado disponiéndose que si el demandado no satisface en su totalidad dentro de los treinta días después de su registro y de haberse notificado con copia de la sentencia, el demandante tendrá derecho al local mencionado en la demanda y a que se expida un mandamiento ordenando al Márshal desalojar a todas las personas de dicho local."

Por considerar errónea aquella parte de la sentencia que disponía "que si el demandado no satisface en su totalidad [los cánones adeudados] dentro de los treinta días después de su registro y de haberse notificado con copia de la sentencia", el demandante radicó ante la Corte de Distrito de San Juan una petición de *certiorari.* Expedido el auto y oídas las partes el 27 de junio de 1944 dicha corte, más de cuatro meses después o sea el 2 de noviembre de 1944, dictó sentencia anulando el auto expedido. Para revisar su actuación expedimos auto de certiorari bajo la Ley número 32 de 1943 (pág. 85) por estar envuelta una cuestión de interés público general en relación con la interpretación y alcance del artículo 5 de la Ley número 9 aprobada el día 17 de noviembre de 1941 ((1) pág. 27) que dispone lo siguiente:

"Cuando en una acción contra el ocupante de un local por alquileres o por el valor del arrendamiento del uso o la ocupación de dicho local, el demandante obtenga sentencia en rebeldía a su favor, la

sentencia contendrá una disposición al efecto de que, si la misma no se satisface en su totalidad dentro de los treinta días después de su registro y de haberse notificado con copia de la misma al demandado, el demandante tendrá derecho al local mencionado en la demanda y a que se expida un mandamiento ordenando al márshal desalojar a todas las personas de dicho local.''

Sostiene el peticionario que el artículo 5 no es aplicable a una acción de desahucio y sí ''únicamente a acciones por alquileres o por el valor del arrendamiento del uso o la ocupación de algún local'' y que siendo su acción una de desahucio por falta de pago, erró la corte inferior al considerar aplicables a la misma las disposiciones de la Ley número 9 de 1941 que se refieren a la acción en cobro de cánones de arrendamiento la cual es de naturaleza distinta y no acumulable a la acción de desahucio, según hemos resuelto en los casos de *Puig* v. *Soto,* 18 D.P.R. 132; *Rourke* v. *Pacheco,* 18 D.P.R. 981; *Finlay* v. *R. Fabián & Cía.,* 24 D.P.R. 152 y *Pérez* v. *Corte,* 57 D.P.R. 764. Creemos que el peticionario tiene razón. Veamos en detalle, la propia Ley 9 de 1941 y además en relación con otra legislación aprobada en la misma sesión legislativa.

En primer término, el título de la Ley núm. 9 aprobada el 17 de noviembre de 1941 (Leyes de 1941, Sesión Especial, pág. 27) dice así:

''Ley relativa a las *defensas* que podrán establecerse en acciones basadas en contratos injustos, irrazonables y opresivos de arrendamiento de casas y edificios destinados a vivienda y de solares donde enclaven casas ajenas destinadas a viviendas en las zonas urbanas y rurales de cualquier municipio o del Gobierno de la Capital de Puerto Rico, y para otros fines.''

Asimismo los artículos 1 y 6 de dicha ley [1] claramente exponen la intención legislativa de que tanto en una acción de

---

(1) Artículo 1.—En cualquier acción de desahucio por falta de pago o para el cobro de alquileres de acuerdo con un contrato de arrendamiento de propiedad en las zonas urbanas y rurales de cualquier municipio o de la Capital de Puerto Rico, utilizada para fines de vivienda, constituirá defensa el hecho de que dichos

desahucio por falta de pago del canon como en una acción para el cobro de alquileres "constituirá defensa el hecho de que dichos alquileres son injustos e irrazonables y que el contrato bajo el cual se pretenden cobrar dichos alquileres es abusivo". Todo el propósito de esta Ley fué conceder a los demandados en desahucio por falta de pago o a los demandados en cobro de alquileres la oportunidad de alegar y demostrar que los alquileres son injustos e irrazonables o que el contrato es abusivo. Una vez demostrado esto debe la corte al dictar sentencia conceder al demandado un término de treinta días para satisfacer en su totalidad la deuda a base de la cantidad que venía pagando anteriormente.

El artículo 5, supra, sin embargo, se refiere únicamente a que en las acciones en cobro de alquileres o por el valor del arrendamiento del uso o la ocupación del local—y el demandante obtenga sentencia en rebeldía—se concederá igual término de treinta días al demandado para pagar su deuda. Ninguna disposición contiene este artículo que lo haga aplicable a una sentencia de desahucio por falta de pago dictada en rebeldía al extremo de que por interpretación se considere enmendado el artículo 635 del Código de Enjuicia-

alquileres son injustos e irrazonables y que el contrato bajo el cual se pretenden cobrar dichos alquileres es abusivo; *Disponiéndose,* que cuando los cánones de arrendamiento, computados por una anualidad, no excedan de la suma de doscientos (200) dólares, el demandado estará exento del pago de todo derecho, hasta la tramitación final del litigio."

"Artículo 6.—Cuando en cualquier acción por alquileres o por el valor de los mismos, el demandado suscitare la cuestión de si la cantidad reclamada en la demanda es justa y razonable, deberá, al radicar la contestación, depositar en la secretaría una suma igual a la cantidad que venía pagando hasta el momento en que se le impuso el canon que se considera injusto, irrazonable y abusivo. Si el demandado dejare de hacer dicho depósito, la corte eliminará la negación o defensa en que se levanta esa cuestión. Dicho depósito se aplicará a satisfacer la sentencia dictada, o se dispondrá del mismo, de acuerdo con los dictados de la justicia. Cuando se dicte sentencia a favor del demandante, la misma deberá contener una disposición al efecto de que si no queda satisfecha en su totalidad con el depósito, o en otra forma dentro de los treinta días siguientes a su registro y a haberse notificado con copia de la misma al demandado, el demandante tendrá derecho al local descrito en la demanda y a que se expida un mandamiento ordenando al márshal a desalojar a todas las personas de dicho local."

miento Civil (Art. 16 de la Ley de Desahucio) el cual fué objeto de enmienda a virtud de la Ley número 170 aprobada el 9 de mayo de 1942 (pág. 889) [2] concediéndose cuarenta días para el lanzamiento del demandado en lugar de los quince días que originalmente disponía la ley cuando se trata de una casa destinada a habitación o vivienda de familia.

Refuerza la opinión a que hemos llegado el hecho de que la Legislatura de Puerto Rico, en la misma sesión extraordinaria en que aprobó la ley que discutimos, también aprobó, el mismo día, la Ley núm. 10: "Para enmendar el Artículo 628 del Código de Enjuiciamiento Civil (Edición 1933) en relación con los procedimientos sumarios en los juicios de desahucio por falta de pago de la renta y para recuperar el dominio de un inmueble en la zona urbana o rural de cualquier municipio o del Gobierno de la Capital de Puerto Rico, y para otros fines" (Leyes de 1942 (2) pág. 33) y la Ley núm. 14 aprobada el 21 de noviembre de 1941 ((2) pág. 45) para enmendar el artículo 621 del Código de Enjuiciamiento Civil en relación con los mismos procedimientos de desahucio. En ambas leyes se enmienda expresamente los artículos 9 y 2 de la Ley de Desahucio. Es significativo el hecho de que la Legislatura, que tuvo ante su consideración todas estas medidas de emergencia en relación con los alquileres excesivos y contratos de arrendamiento abusivos y enmendó expresamente la Ley de Desahucio a virtud de las Leyes número 10 y 14, al aprobar el artículo 5 de la Ley número 9, no enmendó expresamente la Ley de Desahucio en cuanto a variar los términos fijados para ordenar el lanzamiento del demandado.

La acción interpuesta por el peticionario en este caso fué una de desahucio por falta de pago y no una en cobro de

---

[2] "Artículo 635.—La sentencia que declare con lugar la demanda de desahucio ordenará el lanzamiento del demandado dentro de los términos siguientes, contados desde que dicha sentencia quede firme:

"Cuarenta días si se tratase de una casa destinada a habitación o vivienda de familia. Veinte (20) días en todos los demás casos."

los cánones de arrendamiento adeudados. Estas acciones son distintas según hemos resuelto en los casos anteriormente citados. El artículo 5 de la Ley núm. 9 de 1941 no es aplicable a la acción en este caso y como consecuencia *debe anularse la resolución dictada por la corte inferior y devolverse el caso Civil R-2524 de José Eugenio Géigel v. Corte Municipal de San Juan para ulteriores procedimientos no inconsistentes con esta opinión.*