# 95 DTA 215

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL II, BAYAMON PANEL I

PUERTO RICO BARBER COSMETOLOGY AND HAIR STYLING COLLEGE, INC.
REPRESENTADA POR SU PRESIDENTE DON ZENON TORRES CONTE
Demandante-Recurrida

v.

GUSTAVO SANCHEZ SANCHEZ, POR SI Y COMO PRESIDENTE DE BUSINESS CARRIERS, INC. H/N/C ALLIED SCHOOL,SU ESPOSA LIZETTE NAZARIO TORRES Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, Y XYZ INSURANCE CO.
Demandados-Peticionarios

Núm. KLCE-95-00459

San Juan, Puerto Rico, a 29 de junio de 1995

Panel integrado por su presidenta, Juez Ramos Buonomo
y los Jueces Cordero y Ortiz Carrión

*Per Curiam*

## TEXTO COMPLETO DE LA SENTENCIA

Examinado el recurso de *certiorari* y la moción en auxilio de jurisdicción ambos se declaran sin lugar por los fundamentos que se exponen a continuación y los expuestos por el tribunal *a quo* en la resolución cuya revisión se solicita.

En la demanda de desahucio presentada en el Caso Civil Núm. DPE93-0185 cuya sentencia se invoca como cosa juzgada en el caso del título, sólo se solicitó que se ordenara el desalojo de los demandados.

En ese caso se celebró una vista el 24 de septiembre de 1993, bajo el procedimiento sumario de desahucio, en la cual las partes estipularon el desalojo. Además, en esa vista se dispuso que el tribunal *a quo* decidiría luego, si como cuestión de procedimiento la reclamación de los cánones debía radicarse en pleito independiente. Ninguna de las partes compareció posteriormente a hacer un planteamiento sobre ese particular, por lo que el tribunal *a quo* dio por terminado el caso y dictó sentencia de conformidad el 21 de junio de 1994. Eso mismo interpretó en su resolución de 22 de septiembre de 1994, negándose a dejar sin efecto esa sentencia, donde dispuso que la reclamación de los cánones adeudados debe ventilarse en pleito independiente.

En esta jurisdicción está claramente establecido que para el único fin que la Asamblea Legislativa ha autorizado el uso del procedimiento sumario de desahucio es para recuperar la posesión física de un bien arrendado, mediante el lanzamiento o desalojo del arrendatario. Véase Ley de Procedimientos Legales Especiales, 32 L.P.R.A. sec. 2821 *et seq.* La naturaleza rápida y económica de este procedimiento sumario se alteraría, si el mismo no se limita a la cuestión estricta para la que fue establecido por la Asamblea Legislativa. Cualquier reclamación de cobro de cánones adeudados o de daños causados al bien arrendado, sólo puede hacerse mediante un procedimiento ordinario. Sobre esto véase, *Fernández & Hno. v. Pérez,* 79 D.P.R. 244 (1956); *Géigel v. Corte,* 64 D.P.R. 350 (1944); *Pérez v. Corte,* 57 D.P.R. 764 (1940); *Finlay v. R. Fabián & Cía.,* 24 D.P.R. 152 (1916); y *Rourke v. Pacheco,* 18 D P.R. 981 (1912).

Ante la incompatibilidad entre el procedimiento sumario y una reclamación de cobro de dinero, y ante el hecho de que el caso anterior se tramitó como procedimiento sumario y se limitó al desalojo del demandado, no existe razón para que la defensa de cosa juzgada pueda ser incoada contra la reclamación de cobro de dinero que se presentó en el caso del título.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General