[No. 19013.   Department Two.—February 12, 1894.]

## JEAN LEONIS, Appellant, *v.* M. V. BISCAILUZ, Respondent.

Appeal—Stipulation for Reversal—Intervention.—Where the parties to an appeal stipulate that the errors assigned by the appellant are well taken, and that the judgment may be reversed and the cause remanded for a new trial, a third party who claims to have levied upon the interest of the respondent in the lands in controversy will not be permitted to intervene in the supreme court and to file a brief upon the merits of the appeal, and the judgment and order appealed from may be reversed in accordance with the stipulation.

Id.—Fraudulent Judgment—Rights of Judgment Creditor—Levy of Execution Pendente Lite.—A final judgment, if fraudulently confessed by the defendant for the purpose of preventing the application of the property in controversy, in satisfaction of a claim of a judgment creditor of the defendant, the plaintiff participating in such fraudulent purpose, would not conclude the rights of such creditor acquired by levy of execution upon the property in controversy, as the property of the defendant, during the pendency of litigation.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Reymert & Orfila,* and *Smith, Winder & Smith,* for Appellant.

*R. Dunnigan, J. R. Dupuy,* and *E. H. Bentley,* for Respondent.

De Haven, J.—The parties to this action have filed a stipulation herein to the effect "that the errors assigned by the appellant in the record in this case are well taken," and that the judgment and order appealed from shall be reversed, and the cause remanded to the

superior court for a new trial, and have moved for a
judgment in accordance with this stipulation.   The
motion is opposed by one Victoria J. de Yorba, who has
filed an affidavit to the effect that since the rendition of
the judgment appealed from she has recovered a money
judgment against the respondent here, and has caused
an execution thereon to be levied upon the land in con-
troversy in this action; "that she is informed and
believes that upon the technical merits of this appeal
the respondent, Biscailuz, will be entitled to have his
said judgment against Leonis confirmed, but the affiant
avers that she is informed and verily believes that since
her said levy on the said interest of Biscailuz in said
Leonis' lands, an arrangement has been arrived at be-
tween the appellant, Leonis, and respondent Biscailuz
that by some form of consent judgment, or by some
device, the particulars of which cannot be ascertained
by affiant, a judgment of this court shall be suffered by
said Biscailuz to be taken against him as respondent in
favor of the appellant, Leonis, the effect of which
arrangement will be to divest the said Biscailuz of title
to the lands and property levied on by affiant, and
thereby prevent the affiant from the collection of her
said judgment from the said Biscailuz."   It is also stated
in the affidavit that the respondent, Biscailuz, is insol-
vent, and has no other property than that in contro-
versy here out of which to satisfy the judgment of the
affiant, and she asks to be allowed to intervene in the
action in this court, and to file briefs on the technical
merits, and that the court dispose of the cause on its
merits, and without reference to the stipulation of the
parties to the record.

   The application is certainly a novel one.   Under sec-
tion 387 of the Code of Civil Procedure one who has an
interest in the matter in litigation may be permitted to
intervene before the trial of an action; but there is no
authority for such intervention after judgment, and
while the cause is pending in this court on appeal; nor
has a stranger to the record any right to call upon this

court to investigate and pass upon the merits of an appeal, when the parties to the record have consented to an affirmance or reversal of the judgment, without such investigation and decision. Nor is it at all necessary that the party thus desiring to intervene as a judgment creditor should be permitted to obtrude herself into the case at this time in order to protect her rights. The cause is to be reversed, and when it is remanded to the superior court she will have the right, at any time before judgment in the action, to present her petition for intervention as provided in section 387 of the Code of Civil Procedure, and have the same determined in accordance with what may then appear to be her rights in the premises; but, if it were otherwise, and final judgment was to be rendered in this court or in the superior court against the respondent herein upon his confession or stipulation such judgment, if fraudulently confessed by him for the purpose of preventing the application of the property in controversy to the satisfaction of the claim of the judgment creditor, and the appellant herein should participate in such fraudulent purpose, the judgment thus given would not conclude the rights of such creditor, although her rights were acquired by the levy upon such property during the pendency of this litigation. It is to "fair and *bona fide* judgments, and not to fraudulent ones, that the right of their enforcement against purchasers *pendente lite* is given. For no obligation, either legal or moral, withholds one from setting up his vendor's title as against him who has fraudulently contrived with his vendor to weaken or destroy it after he has conveyed the property to him. No principle of policy or convenience requires that such judgment should conclude his rights." (*Haywood* v. *Sledge*, 3 Dev. 338.)

It follows from what has been said that the motion for leave to intervene, and to file a brief herein, must be denied, and the judgment and order appealed from will be reversed in accordance with the stipulation.

Judgment and order reversed.

McFarland, J., and Fitzgerald, J., concurred.