## SURIÑACH *v.* NINLLIAT.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 593.—Resuelto en enero 20, 1911.

BIENES DE MENORES—PROCEDIMIENTO DE UTILIDAD Y NECESIDAD.—En un procedimiento de utilidad y necesidad, establecido con el fin de obtener el peticionario autorización para enajenar o gravar bienes de menores, la parte que alegue tener interés en tales bienes, no tiene derecho a intervenir en el procedimiento *ex parte,* debiendo ejercitar sus acciones por el procedimiento contencioso, ya para que se reconozca su título o para obtener en cualquier forma la revisión del procedimiento sobre autorización judicial.

ID.—APELACIÓN.—Una persona que hubiere sido indebidamente admitida como parte en un procedimiento no tiene derecho a apelar, y si lo hiciere, la apelación deberá desestimarse. Solamente las partes o sus causahabientes pueden ejercitar el derecho de apelación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

Abogado del apelado: *Sr. Fernando Vázquez.*

El Juez Asociado, Sr. Wolf, emitió la opinión del tribunal.

Camilo Suriñach, en representación de sus menores hijos, presentó una solicitud a la Corte de Distrito de Mayagüez, pidiendo autorización para vender o hipotecar cierta propiedad, perteneciente a sus hijos, para pagar una cantidad reclamada por el abogado de estos últimos por servicios prestados por el mismo. Luis Ninlliat y Ninlliat compareció ante la Corte de Distrito para oponerse a que la corte concediera tal autorización, alegando que él era el verdadero dueño de la propiedad que se trataba de vender o gravar. La corte se negó a considerar como suficientes los fundamentos de la oposición, y concedió a Camilo Suriñach, autorización para hipotecar el terreno en cuestión. La apelación se ha interpuesto por Luis Ninlliat y Ninlliat.

El apelado alega. que ni las disposiciones del Código de Enjuiciamiento Civil, ni la Ley regulando ''Procedimientos Legales especiales'' autorizan semejante apelación. Que la sentencia de la corte de distrito no es definitiva en cuanto al apelante, quien tiene un remedio en un juicio contencioso; y se alega que dicho apelante había empezado un juicio contencioso que fué resuelto en su contra; que los procedimientos que se siguen ante la Corte de Distrito de Mayagüez, son solamente en el interés de los menores, y que el apelante nunca fué parte en dichos procedimientos. Creemos que esta última consideración es terminante en la decisión de esta apelación. No encontramos en las disposiciones de la ley nada que le dé al apelante el derecho de intervenir en procedimientos ex parte iniciados ante la Corte de Distrito de Mayagüez. Si el apelante tenía algún derecho a la propiedad, y estaba en posesión de la misma, como se alega, entonces su remedio era un juicio contencioso ordinario promovido con el fin de obtener una sentencia con respecto al título de dominio, o para revisar los procedimientos de otro modo. El nunca fué realmente parte en los procedimientos seguidos ante la Corte de Distrito de Mayagüez, y no siendo parte, no tenía

personalidad ante la corte inferior, y, por consiguiente, no tenía derecho de apelar; pues sólo una parte o sus partícipes, pueden apelar.    (Art. 294 del Código de Enjuiciamiento Civil. 2 Cyc., 626.)

Debe desestimarse el recurso de apelación.

*Desestimada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary y del Toro.