RAMOS, PLAINTIFF AND RESPONDENT, *v.* ESTEVES, MUNICIPAL JUDGE, ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Arecibo in an application for a Writ of *Certiorari* to the Municipal Judge of Manatí.

No. 1009.—Decided February 25, 1914.

CERTIORARI—APPEAL—TRANSCRIPT OF RECORD.—An appeal having been taken by the respondent judge from a decision rendered in *certiorari* proceedings, the appeal should be dismissed if the defendant and appellant fail to file a transcript of the record within the proper time.

ID.—APPEAL—STATEMENT OF CASE—PARTIES.—An order refusing to approve a statement of the case submitted by persons who were not parties to the original proceedings in an appeal in *certiorari* proceedings, is in accordance with law.

ID.—INTERVENTION.—A party who deems himself entitled to intervene in the court *a quo* in *certiorari* proceedings should assert his right while the *certiorari* proceedings are pending and not after they have been decided by said court and an appeal taken from the decision to the Supreme Court.

APPEAL—PARTIES.—Only those who have been parties to the proceedings in which the judgment appealed from was rendered are entitled to the ordinary remedy of appeal therefrom.

The facts are stated in the opinion.
*Mr. José E. Díaz* for respondent.
The appellant did not appear.

*Mr. Angel M. Villamil* for Ramón Montano, Cortés Brothers and Sandoval Brothers.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Virgilio Ramos Casellas applied to the District Court of Arecibo for a writ of *certiorari* addressed to the Municipal Judge of Manatí. The district court issued the writ, reviewed the record brought up in the case of Virgilio Ramos against Arístides Ayala, and on July 2, 1913, set aside a certain order entered in a different action brought by Ramón Montano against the same defendant, Ayala, to be effective in the case of Ramos against Ayala, and another order rendered in this last case ratifying the former one. From that decision of the district court the defendant municipal judge appealed, filing in this court his notice of appeal but no transcript of the record. Ramón Montano, Cortés Brothers and Sandoval Brothers also appealed from said decision, alleging that they were the parties prejudiced thereby.

Said Ramón Montano, Cortés Brothers and Sandoval Brothers, through the Secretary of the Municipal Court of Manatí, mailed to the Secretary of the District Court of Arecibo a so-called "statement of the case" which the district judge finally on August 7, 1913, refused to admit for the reason that the senders thereof were not parties to the *certiorari* proceedings, that it had been sent by mail and not delivered by the interested party as required by section 299 of the Code of Civil Procedure, and that as no evidence had been introduced in the case nor any exceptions taken, it was not necessary, the documents which it contained constituting the judgment roll.

Thereupon Ramón Montano, Cortés Brothers and Sandoval Brothers filed a motion on August 11, 1913, in the district court praying that in accordance with section 63 of the Code of Civil Procedure they be considered as adverse parties and be made defendants, and on the same day the court ruled that the petition for a writ of *certiorari* having been already passed upon and the decision thereon having been

appealed to the Supreme Court, it was without authority to entertain the motion. Montano, Cortés Brothers and Sandoval Brothers appealed from the decisions of August 7 and 11, 1913.

The foregoing facts are set out in two certificates issued by the Secretary of the District Court of Arecibo at the instance of Attorney A. M. Villamil who represents Ramón Montano, Cortés Brothers and Sandoval Brothers but not the defendant municipal judge, and the said certificates were filed in this court by the said attorney in the capacity stated. The transcript of the record of the case reviewed in the *certiorari* proceedings has not been brought up to this court. Therefore the appeal taken by the Municipal Judge of Manatí, who is the real and only defendant in this case (112 Mass., 214, and 118 Mass., 563), was practically abandoned and should be dismissed in accordance with section 303 of the Code of Civil Procedure in connection with 299 of the same code as amended by Act No. 70 of 1911, and rule 40 of this court.

The appeal taken by Ramón Montano, Cortés Brothers and Sandoval Brothers from the decision of July 2, 1913, should be dismissed also because, as they were not parties to the proceedings in which the decision they complained of was rendered, they have no right to the ordinary remedy of appeal therefrom.

The appeal taken from the orders of August 7 and 11, 1913, should be dismissed, the former on the same ground on which the appeal from the decision of July 2, 1913, was decided, and the latter because if Montano, Cortés Brothers and Sandoval Brothers had any right to intervene in the proceedings, they should have exercised that right at the proper time—that is, when the *certiorari* proceedings were pending in the district court—and not after they had been finally decided and appealed by the only party who was a defendant. See section 63 of the Code of Civil Procedure cited by the

appellants and the cases of *United States* v. *Patterson,* 56 U. S., 9, and *Leonis* v. *Biscailuz,* 101 Cal., 330.

The appeals taken from the decision of July 2, 1913, and from the orders of August 7 and 11, 1913, should be dismissed.

*Appeals dismissed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.