RAMOS, DEMANDANTE Y APELADO, v. ESTEVES, JUEZ MUNICIPAL, ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Arecibo en un procedimiento de *certiorari* contra el Juez Municipal de Manatí.

No. 1009.—Resuelto en febrero 25, 1914.

CERTIORARI—DESESTIMACIÓN DE APELACIÓN—TRANSCRIPCIÓN DE AUTOS.—Interpuesta apelación por el juez demandado contra una resolución dictada en un procedimiento de *certiorari*, si el demandado y apelante no presenta en tiempo la transcripción de los autos, debe desestimarse el recurso.

ID.—APELACIÓN—EXPOSICIÓN DEL CASO—PARTES QUE NO HAN INTERVENIDO.—Se ajusta a derecho la orden denegatoria de aprobación de una exposición del caso en una apelación en un procedimiento de *certiorari* preparada por personas que no han sido partes en dicho procedimiento.

ID.—INTERVENCIÓN—TIEMPO OPORTUNO PARA PEDIRLA.—La parte que se crea con derecho a intervenir en la corte *a quo* en un procedimiento de *certiorari*, debe ejercitarlo mientras el *certiorari* está tramitándose y nó después de haber sido resuelto por dicha corte y apelada la resolución para ante el Tribunal Supremo.

Id.—Desestimación de Apelación—Partes que Pueden Apelar.—Unicamente
los que han sido partes en el procedimiento en el cual se dictó la resolución
apelada, tienen derecho a interponer contra ella el recurso ordinario de
apelación.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. José E. Díaz.*

El apelante no compareció.

Abogado de Ramón Montano, Cortés Hermanos y Sandoval Hermanos: *Sr. Angel M. Villamil.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Virgilio Ramos Casellas presentó una solicitud de *certiorari* en la Corte de Distrito de Arecibo contra el Juez Municipal de Manatí. El juez de distrito expidió el auto y reclamados los procedimientos en el caso de *Virgilio Ramos v. Arístides Ayala,* los revisó y, el 2 de julio de 1913, anuló cierta orden dictada en un pleito distinto seguido por Ramón Montano contra el mismo demandado Ayala, para producir sus efectos en el caso de *Ramos v. Ayala* y otra orden dictada en este último pleito ratificando la anterior. Contra esa resolución de la corte de distrito apeló el juez municipal demandado, limitándose a presentar su escrito de apelación sin elevar transcripción alguna a este Tribunal Supremo. También apelaron contra ella Ramón Montano, Cortés Hermanos y Sandoval Hermanos, alegando que eran los perjudicados por la misma.

Dichos Ramón Montano, Cortés Hermanos y Sandoval Hermanos enviaron por correo por conducto del Secretario de la Corte Municipal de Manatí al Secretario de la Corte de Distrito de Arecibo una llamada "exposición del caso" que el juez de distrito se negó a admitir finalmente, en 7 de agosto de 1913, porque los que la remitieron no habían sido partes en el procedimiento de *certiorari,* porque había sido enviada por correo y no entregada por la parte interesada como dispone la ley, artículo 199 del Código de Enjuiciamiento Civil, y porque no habiéndose practicado prueba en el caso ni tomado

excepciones, no era necesaria, constituyendo los documentos que la integraban el legajo de la sentencia.

Entonces Ramón Montano, Cortés Hermanos y Sandoval Hermanos, presentaron, el 11 de agosto de 1913, una moción a la corte de distrito para que, de acuerdo con el artículo 63 del Código de Enjuiciamiento Civil, los tuviera como partes opuestas, y la corte el mismo día decidió que estando ya resuelta la solicitud de *certiorari* y apelada la resolución para ante el Tribunal Supremo, no tenía facultad para resolver lo que se le pedía. Montano, Cortés Hermanos y Sandoval Hermanos apelaron de las resoluciones de 7 y 11 de agosto de 1913.

Lo que hemos expuesto anteriormente consta de dos certificaciones expedidas por el Secretario de la Corte de Distrito de Arecibo a instancias del Abogado A. M. Villamil, que lo es no del juez municipal demandado, sino de Ramón Montano, Cortés Hermanos y Sandoval Hermanos, elevadas dichas certificaciones a esta Corte Suprema por el mencionado abogado en la representación indicada. La copia de los autos del pleito revisado por virtud del *certiorari,* no ha sido elevada a este tribunal.

La apelación interpuesta por el Juez Municipal de Manatí, el verdadero y único demandado en este caso (112 Mass., 214, y 118 Mass., 563) fué, pues, prácticamente abandonada y debe desestimarse de acuerdo con el artículo 303 del Código de Enjuiciamiento Civil en relación con el 299 del propio código, enmendado por la Ley No. 70 de 1911, y la regla 40 de las de este tribunal.

También debe desestimarse la apelación interpuesta por Ramón Montano, Cortés Hermanos y Sandoval Hermanos contra la resolución de 2 de julio de 1913, porque no habiendo sido partes en el procedimiento en el cual se dictó la resolución de que se quejan, no tenían derecho a interponer contra ella el recurso ordinario de apelación.

El recurso establecido contra las órdenes de 7 y 11 de agosto de 1913, debe declararse sin lugar. En cuanto a la

de 7 de agosto, por el mismo fundamento que existe para desestimar la apelación contra la resolución de 2 de julio de 1913, y en cuanto a la de 11 de agosto, porque si algún derecho tenían Montano, Cortés Hermanos y Sandoval Hermanos a intervenir en el procedimiento, debieron haberlo ejercitado en tiempo oportuno, esto es, cuando el *certiorari* se estaba tramitando en la corte de distrito, y no después de haber sido resuelto y apelada por la única parte que fué demandada la resolución que puso término al mismo. Véanse el artículo 63 del Código de Enjuiciamiento Civil invocado por los apelantes y los casos de *United States* v. *Patterson,* 56 U. S., 9, y *Leonis* v. *Biscailuz,* 101 Cal., 330.

Deben desestimarse las apelaciones interpuestas contra la resolución de 2 de julio de 1913 y declararse sin lugar la establecida contra las órdenes de 7 y 11 de agosto de 1913.

*Desestimadas las apelaciones.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.