Rosa, Pedro Enrique, Marta y Ruperta Vélez, demandantes y apelados, *v.* John Doe y Richard Roe, herederos que componen la Sucn. desconocida de Juan Marcelino Mercado Vázquez, demandados; Pedro Mercado Yrizarry, opositor y apelante.

Número 11410.

*Sometido:* 3 de enero de 1956. *Resuelto:* 5 de septiembre de 1956.

*José Sabater*, abogado del apelante; *Eugenio Alemañy Fernández*, abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal.

Los demandantes Rosa, Pedro Enrique, Marta y Ruperta Vélez, instaron el 1º de julio de 1953 acción filiatoria contra la sucesión desconocida de Juan M. Mercado Vázquez ante el Tribunal Superior, sala de Mayagüez. Aunque no tenía *status* de hijo natural del referido causante, Pedro Mercado Yrizarry trató de intervenir en el pleito, presentando una "oposición y contestación a la demanda" y una moción solicitando permiso para radicar una contrademanda. Alegaba ser el único hijo natural, negaba el derecho de los demandantes a obtener el reconocimiento y solicitaba además que se le declarara hijo natural reconocido dentro del mismo pleito. Casi simultáneamente inició otra acción de filiación también contra la sucesión desconocida de Juan M. Mercado Vázquez ante la misma sala del Tribunal Superior.[1]

Mediante resolución que dictó el 8 de diciembre de 1953, el tribunal a quo denegó la intervención solicitada.[2] Publicados los correspondientes edictos para emplazar a los

[1] La "oposición y contestación a la demanda" y la moción solicitando permiso para radicar una contrademanda fué presentada el 22 de octubre de 1953 y la acción de filiación independiente se instó el 21 de octubre de 1953.

[2] Dicha resolución lee: "Contra la demanda interpuesta por los demandantes solicitando del Tribunal se les reconociese como hijos naturales de Juan Marcelino Mercado Vázquez, cuya sucesión se alegó es desconocida, radicó contestación Pedro Mercado Yrizarry alegando ser el único hijo del causante y negando el derecho de los demandantes a obtener el reconocimiento. Posteriormente radicó Pedro Mercado Yrizarry una moción solicitando permiso para radicar una contrademanda en este caso en la cual solicita del tribunal que dentro de ese mismo procedimiento se le declare hijo natural reconocido del finado Juan Marcelino Mercado.

"Contra dicha moción radicaron oposición los demandantes, por entender éstos que el reconocimiento de filiación que solicitaba el demandado debía ser hecho por éste contra la sucesión del supuesto causante y no contra ellos, y por entender además que teniendo el demandado una demanda de filiación ya radicada en este tribunal, sin que todavía se le hubiese reconocido su status de hijo natural reconocido, éste carecía de

herederos de la sucesión desconocida, se celebró la vista del juicio el 23 de diciembre de 1953. Nadie compareció en representación de la sucesión demandada pero, a nombre de su cliente, compareció como *amicus curiæ* el abogado de Pedro Mercado Yrizarry. El tribunal a quo limitó la intervención del *amicus curiæ* al contrainterrogatorio de los testigos de los demandantes y a la discusión de las cuestiones de derecho planteadas, pero no le permitió presentar prueba. Visto el caso, se dictó sentencia el 7 de enero de 1954 declarando a los demandantes hijos naturales reconocidos de Juan M. Mercado Vázquez "con derecho de llevar su apellido y con todos los derechos hereditarios que la ley le concede". El 25 de enero de 1954 Pedro Mercado Yrizarry radicó un escrito de apelación contra dicha sentencia en el cual también hizo constar que apelaba de la resolución negando la intervención en el pleito dictada el 8 de diciembre de 1953.

---

personalidad jurídica para comparecer a nombre de la sucesión demandada.

"Tienen razón los demandantes. No solamente no procede la contrademanda de Pedro Mercado Yrizarry en este caso, ya que los demandantes no componen todavía la sucesión de Juan Marcelino Mercado Vázquez, sino que tampoco tiene Pedro Mercado Yrizarry personalidad jurídica para comparecer en este . . . pleito como demandado en representación de la sucesión de Juan Marcelino Mercado Vázquez, ya que su status de hijo natural reconocido todavía no se ha establecido por sentencia firme de un tribunal de justicia. Tanto los demandantes en este caso como Pedro Mercado Yrizarry sólo tienen derecho a reclamar . . . *como demandantes*, en acción dirigida contra la sucesión de Juan Marcelino Mercado Vázquez, que se les reconozca como hijos naturales de éste, pero ninguno tiene todavía facultad para comparecer contra la reclamación de los otros como miembros de la sucesión demandada.

"Por todo lo cual, se deniega el permiso solicitado por Pedro Mercado Yrizarry para radicar la contrademanda en este caso y se le tiene además como desistido en cuanto a la contestación que hay radicada en este caso, debiendo los demandantes proceder contra la sucesión desconocida de Juan Marcelino Mercado Vázquez, como si esta contestación no se hubiese radicado."

Creemos que el tribunal a quo cometió error al no permitir la intervención del aquí opositor apelante para oponerse a la reclamación de los demandantes en el pleito de filiación, al amparo de la Regla 24 de las de Enjuiciamiento Civil. 32 L.P.R.A. Ap. 24. Véase 4 Moore, *Federal Practice* 30–100. Sin embargo, por las razones que exponemos más adelante, este error no podría dar lugar en este caso a la revocación de dicha resolución.

Estando pendiente dicha apelación, Pedro Mercado Yrizarry presentó una moción ante el Tribunal Superior dentro del mismo pleito solicitando la nulidad de la sentencia dictada el 7 de enero de 1954. Alegó en síntesis (1) que el Tribunal Superior había dictado el 11 de mayo de 1954 una sentencia, en el otro pleito de filiación instado por él, declarándolo hijo natural reconocido de Juan M. Mercado Vázquez; (2) que la sentencia dictada el 7 de enero de 1954 era nula porque los demandantes se limitaron a citar por edictos a los herederos desconocidos de Juan M. Mercado Vázquez "cuando ellos sabían y les constaba que existían cuatro sobrinos carnales (de éste)" que siempre han residido en Puerto Rico; y (3) que sus intereses y derechos serían perjudicados por la citada sentencia de enero 7 de 1954. El tribunal a quo dictó resolución declarando sin lugar la referida moción sobre nulidad, fundándose entre otros motivos en que ". . . habiéndose apelado la sentencia recaída en este caso, este tribunal carece de jurisdicción para considerar (sus) méritos . . ." Pedro Mercado Yrizarry también apeló de dicha resolución.

Creemos que ambas apelaciones carecen de méritos. De conformidad con el art. 295 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 1281) la resolución del tribunal a quo negando la intervención al apelante en el pleito de filiación es apelable. *Díaz* v. *Frontera*, 65 D.P.R. 695 (1946); *Rivera* v. *Rivera*, 56 D.P.R. 205 y 949 (1940); *Osorio* v. *Planis*, 41 D.P.R. 770 (1931); *Revilla* v. *Corte*, 39 D.P.R. 64 (1929). Cf. 4 Moore, *Federal Practice* (2a. ed.) 102–108. Como la referida resolución se dictó el 8 de diciembre de 1953, es obvio que la apelación interpuesta contra la misma el 25 de enero de 1954 resulta tardía de acuerdo con las disposiciones del art. 292 del Código de Enjuiciamiento Civil. 32 L.P.R.A. sec. 1251. Por otro lado, cuando se deniega una moción de intervención, el inter-

ventor no es parte en el procedimiento y no tiene derecho a interponer un recurso de apelación contra la sentencia que finalmente se dicte. Art. 294 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1253; *Ramos* v. *Esteves,* 20 D.P.R. 131 (1914); *Suriñach* v. *Ninlliat,* 17 D.P.R. 67 (1911); *City of Burlingame* v. *County of San Mateo,* 230 P.2d 375 (Cal. 1951); *Braun* v. *Brown,* 87 P.2d 1009 (Cal. 1939); *Thorpe* v. *North Moneta Garden Lands Water Co.,* 106 Pac. 1107 (Cal. 1909). Cf. *Salas* v. *Doe,* 75 D.P.R. 529 (1953). Es verdad que el tribunal a quo permitió al abogado de Pedro Mercado Yrizarry intervenir como *amicus curiæ* en el pleito. Sin embargo, es regla establecida (1) que las facultades del *amicus curiæ* quedan bajo el completo control de la corte y (2) que éste no tiene derecho a apelar de la sentencia que se dicte cuando las partes no desean hacerlo. *City & County of Denver* v. *Denver Tramway Corp.,* 23 F.2d 287, 295 (C.A. 8, 1927), cert. den. 278 U. S. 616 (1928); *Dodd* v. *Reese,* 24 N.E.2d 995 (Ind. 1940); *Douglas* v. *Trust Co. of Georgia,* 95 S.E. 219 (Ga. 1918); *In re McClellan's Estate,* 129 N.W. 1037 (S. D. 1911); *Birmingham Loan & Auction Company* v. *First National Bank,* 13 So. 945 (Ala. 1893); Beckwith & Sobernheim, *Amicus Curiæ, Minister of Justice,* 17 Ford. L. Rev. 38, 52 (1948); 2 Am. Jur., *Appeal & Error,* sec. 162. En consecuencia, procede desestimar la apelación interpuesta por Pedro Mercado Yrizarry contra la sentencia que dictó el tribunal a quo el 7 de enero de 1954.

Por último, debemos señalar que el tribunal a quo carecía de jurisdicción para considerar y resolver la moción sobre nulidad de sentencia que presentó el aquí opositor y apelante. Basta señalar que, interpuesto un recurso de apelación, el tribunal inferior pierde su jurisdicción para decidir una moción bajo la Regla 60(*b*) de las de Enjuiciamiento Civil. 32 L.P.R.A. Ap. R. 60 (*b*); *Molina* v. *Rodríguez,* 63 D.P.R. 477 (1944); *Guilhon & Barthelemy* v. *Corte,* 64 D.P.R. 303, 311–312 (1944); 7 Moore, *Fed-*

*eral Practice* (2a. ed.) 334.(³)  Cf. *Pueblo* v. *Velázquez,* 69 D.R.R. 341, 342 (1948).  El hecho de que ahora se desestime la apelación interpuesta contra la sentencia dictada el 7 de enero de 1954, no altera en nada la situación ya que de acuerdo con el art. 297 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1284, al formalizarse una apelación se suspenden todos los procedimientos en la corte inferior, respecto a la sentencia u orden apelada o a las cuestiones comprendidas en ella, excepto en lo que respecta a cualquier extremo del pleito no comprendido en la apelación.  Interpretando el artículo correspondiente del Código de Enjuiciamiento Civil de California (art. 946, 15 West's *Annotated California Codes, Civil Procedure*) se ha resuelto que determinaciones adicionales y cualquier otra orden o sentencia dictadas mientras está pendiente el recurso de apelación son nulas aunque subsiguientemente el Tribunal Supremo desestime la apelación.  *Pashgian* v. *Stephenson*, 100 Pac. 1075 (Cal. 1909).  Además, es obvio que la desestimación de una apelación contra una sentencia dictada por el Tribunal Superior sólo pueda decretarla el Tribunal Supremo.  *Engelken* v. *Justice Court*, 189 Pac. 298 (Cal. 1920).  Véanse además *Bracey* v. *Gray*, 162 P.2d 314 (Cal. 1945), cert. den. 327 U. S. 809; *Field* v. *Hughes*, 25 P.2d 241 (Cal. 1933); *Jackson* v. *Dolan*, 208 Pac. 315 (Cal. 1922).(⁴)

*Procede confirmar la sentencia y la resolución apeladas.*

El Juez Asociado Sr. Pérez Pimentel concurre en el resultado.

---

(³) Mientras está pendiente la apelación de la sentencia final dictada por el Tribunal Superior, éste carece de jurisdicción para conceder cualquier remedio, bajo la Regla 60 (b), excepto con el permiso del Tribunal Supremo.  En este caso el opositor apelante Pedro Mercado Yrizarry no ha solicitado dicho permiso ni ha cumplido con las condiciones que permitirían a este Tribunal Supremo concederlo.  Véase 7 Moore, *Federal Practice* (2a. ed.) 337.

(⁴) Es muy distinta la situación que surge cuando se apela de una resolución que no es final y que es inapelable, de acuerdo con las disposiciones del art. 295 del Código de Enjuiciamiento Civil. 32 L.P.R.A. sec. 231. En ese caso hemos resuelto que la apelación no afecta en modo

alguno la jurisdicción de la corte inferior para seguir conociendo del
litigio. *Am. R. R. Co.* v. *Quiñones,* 17 D.P.R. 261 (1911). Véase *Gre-*
*gory* v. *Gregory,* 36 Pac. 364 (Cal. 1894) (interpretando el art. 946 del
Código de Enjuiciamiento Civil de California correspondiente al 297 del
nuestro). Desde luego, el aquí opositor apelante, después de devolverse
el mandato en este caso al Tribunal Superior, podría atacar colateral-
mente la sentencia que declaró hijos naturales reconocidos a los herma-
nos Vélez si prueba que la misma fué dictada sin jurisdicción y, siendo
un extraño que no es parte en el pleito, podría fundar su impugnación
en evidencia extrínseca. Véanse *Pérez* v. *Tribunal de Distrito,* 70 D.P.R.
656 (1949); *Ríos* v. *Román,* 71 D.P.R. 207 (1950); *Cancel* v. *Martínez,*
74 D.P.R. 108 (1952); *Chabrán* v. *Méndez,* 74 D.P.R. 768, 775–777 (1953).