# 2001 DTA 106

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII DE CAROLINA-FAJARDO

ROBERT K. CHASE
Peticionario

EX-PARTE

Núm. KLAN-00-01351

San Juan, Puerto Rico, hoy 25 de enero de 2001

Panel integrado por su Presidente, Juez Miranda De Hostos,
y los Jueces Hernández Torres y Martínez Torres

Hernández Torres, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Mediante un recurso de *certiorari*, erróneamente denominado como de apelación, acude ante nos Robert K. Chase solicitando que revoquemos una resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina, que desestimó su petición de declaratoria de herederos por resolver que él no fue preterido en el testamento de su padre. Denegamos el recurso de autos por resolver que el procedimiento de declaratoria de herederos no es el adecuado para tramitar una acción de nulidad de la institución de herederos.

### I

Kenneth B. Chase (Chase) era dueño de cuatro participaciones indivisas de tipo *"time share"* en los Apartamentos 871 y 1073 del Condominio ESJ Towers en Isla Verde, Municipio de Carolina. Chase murió el 7 de enero de 1997 en el pueblo de Hampton, Estado de Virginia. Para la fecha de su muerte, Chase era viudo y tenía dos hijos, Sandra Lou Chase Griffith (Sandra) y Robert K. Chase (Robert).

El 14 de septiembre de 1994, Chase había hecho un testamento abierto en el Estado de Virginia. En el mismo, Chase había establecido a su antigua esposa, *Ruth v. Chase,* como su heredera universal. En la situación de que su esposa le pre-muriera (sustitución), Chase estableció como su heredera a Sandra. En cuanto a su otro hijo, Robert, Chase estableció la siguiente cláusula en su testamento:

*"(c) I specifically give and bequeath $1.00 (one dollar) and no more to ROBERT K. CHASE, a child of mine by a former marriage, who is not deserving of any more, nor is any member of his family."* [Apéndice del recurso de *certiorari*, anejo D, pág. 21.]

No conforme con el legado de su padre, el 20 de julio de 1998, Robert presentó una petición de declaratoria de herederos en el Tribunal de Primera Instancia, Sala Superior de Carolina. En la misma, Robert solicitó la anulación de la institución de herederos del testamento de Chase por haberlo preterido y la apertura de la sucesión intestada en cuanto las participaciones indivisas de tipo *"time share"*. Además, Robert solicitó que él y Sandra fueran declarados por el Tribunal como los únicos y universales herederos de Chase.

El 31 de julio de 2000, notificada y archivada en autos el 5 de septiembre del mismo año, el Tribunal de Primera Instancia, Jueza Hon. Marilyn Mártir Gayá, desestimó la petición presentada por Robert. El Tribunal fundamentó su decisión en que, a la luz de lo establecido en el Art. 742 del Código Civil (31 L.P.R.A. § 2368) y lo resuelto por el Tribunal Supremo en *Cabrer v. Registrador*, 113 D.P.R. 424, 436-439 (1982), Robert no fue preterido porque su padre le legó un dólar. Por lo tanto, no procedía la anulación de la institución de herederos, ni la apertura de la sucesión intestada. Así mismo, concluyó que a lo único que Robert tenía derecho era a un complemento de legítima.

El 20 de septiembre de 2000, Robert presentó una moción de reconsideración. El 26 de septiembre de 2000, el Tribunal de Primera Instancia, Juez Hon. Wilfredo Padilla Soto, refirió la moción de reconsideración ante la consideración de la Jueza Hon. Marilyn Mártir Gayá para que ella la resolviera a su regreso. El 23 de octubre de 2000, el Tribunal de Primera Instancia, Jueza Hon. Marilyn Mártir Gayá declaró *"NO HA LUGAR"* la moción de reconsideración presentada por Robert.

No conforme con lo resuelto por el Tribunal de Primera Instancia, Robert oportunamente acudió ante nos mediante un recurso de *certiorari*, ■ el cual erróneamente denominó como un recurso de apelación. En el mismo, Robert alegó que el Tribunal de Primera Instancia erró al concluir que él no fue preterido por su padre. Al final del escrito de *certiorari,* no se certificó la notificación del recurso al Tribunal recurrido.

## II

El inciso A de la Regla 33 del Reglamento del Tribunal de Circuito de Apelaciones (4 L.P.R.A. Ap. XXII-A, R. 33(a)) establece que los recursos de *certiorari* presentados ante la consideración de dicho tribunal deberán de cumplir con la siguiente notificación:

*"Cuando la solicitud de certiorari sea presentada en la Secretaría del Tribunal de Circuito de Apelaciones, la parte peticionaria deberá notificar a la Secretaría del tribunal recurrido, dentro de las cuarenta y ocho (48) horas siguientes a la presentación de la solicitud, copia de la misma debidamente sellada con la fecha y hora de presentación. El término aquí dispuesto será de cumplimiento estricto."*

El Tribunal Supremo ha resuelto que las normas sobre perfeccionamiento de los recursos apelativos ante el Tribunal de Circuito de Apelaciones, deben observarse rigurosamente. *Rojas Lugo v. Axtmayer Enterprises, Inc.,* Opinión de 21 de marzo de 2000, **2000 J.T.S. 59**, pág. 867; y *Arriaga Rivera v. Fondo del Seguro del Estado,* Opinión de 18 de marzo de 1998, **98 J.T.S. 28**, págs. 687-688. Pudiendo el Tribunal de Circuito de Apelaciones prorrogar un término de cumplimiento estricto solamente cuando la parte que lo solicite demuestre que hubo justa causa para la tardanza, de lo contrario, el Tribunal de Circuito de Apelaciones carecerá de facultad para resolver el recurso presentado ante su consideración. Cumpliéndose el requisito de justa causa con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente por circunstancias especiales. La justa causa no se prueba con vaguedades, excusas o planteamientos estereotipados.

En resumen, el Tribunal de Circuito de Apelaciones puede eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto si están presentes las siguientes dos (2) condiciones:

*"(1) Que en efecto exista una justa causa para la dilación; y*

*(2) Que la parte le demuestre detalladamente al Tribunal de Circuito de Apelaciones las bases razonables*

*que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida."*

De lo contrario, el Tribunal de Circuito de Apelaciones carecerá de autoridad para intervenir en el recurso presentado ante su consideración. Véase a *Rojas Lugo v. Axtmayer Enterprises, Inc., supra,* págs. 867-868; *Pueblo v. Pérez Suárez,* Opinión de 16 de septiembre de 1998, **98 J.T.S. 125,** págs. 115-117; y *Arriaga Rivera v. Fondo del Seguro del Estado, supra,* págs. 688-689.

La declaratoria de herederos, conocida en España como la declaración de herederos, es un procedimiento especial mediante el cual un tribunal declara quiénes son los herederos de un finado, cuando no existe un testamento válido, o no existe una institución de herederos debidamente establecida en un testamento, o en el testamento válido con una institución de herederos debidamente establecida, no se distribuye todo el caudal del finado. Efraín González Tejera, *Derecho Sucesorio Puertorriqueño,* 300 (1983); Ignacio Rivera García, *Diccionario de Términos Jurídicos* 64 (1985); VI Carlos E. Mascareñas, *Nueva Enciclopedia Jurídica,* D. Pedro Aragoneses Alonso, Declaración de Herederos 258 (1985); y I Miguel Angel Del Arco Torres y Manuel Pons González, *Diccionario de Derecho Civil* 429 (1984). La declaratoria de herederos es un procedimiento legal especial ■ y de jurisdicción voluntaria que está regulado por los artículos 552 y 553 del Código de Enjuiciamiento Civil (32 L.P.R.A. § 2301-2302), y su función es emitir un dictamen que supla la falta de una institución de herederos debidamente establecida por el finado en un testamento. *Pueblo v. Flores Betancourt,* 124 D.P.R. 867, 879 (1989).

Es un principio de derecho que los procedimientos legales especiales no se acumulan o tramitan en conjunto con otros procedimientos judiciales ordinarios o especiales. Por lo que éstos, como norma general, se tramitan de forma separada y exclusiva. Véase la exposición de motivos de la Ley Núm. 197 del 7 de agosto de 1998; *Rodríguez v. Ramos,* 73 D.P.R. 6, 11-12 (1952); *Pérez v. Corte,* 57 D.P.R. 764, 767 (1940); *Rourke v. Pacheco,* 18 D.P.R. 981, 985 (1912); *Torres et al v. Pérez,* 18 D.P.R. 573, 574-575 (1912); *Coira v. Ortiz,* 18 D.P.R. 213, 216 (1912); *Puig v. Soto,* 18 D.P.R. 132, 137-138, 141 (1912); y *Suriñach v. Ninlliat,* 17 D.P.R. 67, 68-69 (1911). En cuanto las Reglas de Procedimiento Civil, éstas sólo se aplicarán en los procedimientos legales especiales de modo supletorio, sujeto a que la aplicación de éstas *"no resulte incompatible, ni esté en conflicto con las disposiciones de dichos estatutos..."* Regla 61 de Procedimiento Civil (32 L.P.R.A. Ap. III, R. 61); *Pueblo v. Hernández Maldonado,* 129 D.P.R. 472, 487 (1991); y *Rodríguez v. Ramos, supra,* pág. 11.

### III
En el presente recurso de *certiorari,* Robert alega que el Tribunal de Primera Instancia erró al concluir que él no fue preterido por su padre. Sin necesidad de entrar en los meritos de su alegato, procede que este Tribunal deniegue el presente recurso de *certiorari.*

La declaratoria de herederos es un procedimiento legal especial. Como tal, en el mismo sólo se pueden tramitar los asuntos específicamente autorizados en los artículos 552 y 553 del Código de Enjuiciamiento Civil, *supra.* Como la tramitación de una acción de nulidad de la institución de herencia no está autorizada a ser llevada dentro de una declaratoria de herederos por los artículos mencionados, procedía que el Tribunal de Primera Instancia la desestimara. Más todavía cuando la presentación de una declaratoria de herederos conlleva el pago de un arancel de $20.00 por ser un procedimiento de jurisdicción voluntaria, mientras que la presentación de una acción de nulidad de la institución de herederos es una acción ordinaria, generalmente contenciosa, que conlleva el pago un arancel de $40.00. Véase las secciones 2 (A) y (G) y 6 de la Ley Núm. 17 del 11 de marzo de 1915 (32 L.P.R.A. § 1477 (A) y (G) y 1481), según enmendada, y González Tejera, *supra,* pág. 301.

Además, Robert no certificó, al final de su escrito de *certiorari,* haber notificado copia del mismo al Tribunal de Primera Instancia dentro del término de estricto cumplimiento de 48 horas establecido en el inciso A de la Regla 33 de nuestro reglamento. El incumplimiento injustificado de la pasada norma es motivo suficiente para que este Tribunal desestime el recurso de *certiorari* de autos. Véase a *Arriaga Rivera v. Fondo del Seguro del Estado, supra,* págs. 687-689.

Aunque, como norma general, no debemos denegar un recurso de *certiorari* ante nuestra consideración hasta haberle concedido la oportunidad al recurrente de evidenciar el cumplimiento de los requisitos de estricto cumplimiento de nuestro reglamento, o su incumplimiento por justa causa, ■ lo denegamos porque, como mencionáramos anteriormente, el procedimiento de declaratoria de herederos no es el adecuado para llevar una acción de nulidad de la institución de herederos de un testamento.

## IV

Por los fundamentos que anteceden, se deniega el recurso de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

### ESCOLIOS 2001 DTA 106

**1.** Las resoluciones finales en los procedimientos de jurisdicción voluntaria sólo pueden ser revisadas mediante un recurso de *certiorari*. Véase el inciso "*e*" del artículo 4.002 del Plan de Reorganización de la Rama Judicial Núm. 1 del 28 de julio de 1994 (4 L.P.R.A. § 22k (e)), según enmendado y mejor conocido como la Ley de la Judicatura; el inciso "*c*" de la Regla 32 del Reglamento del Tribunal de Circuito de Apelaciones del 1ro. de mayo de 1996 (4 L.P.R.A. Ap. XXII-A, R. 32 (c) ) y *Ex-Parte Lugo Rodríguez,* Opinión de 28 de junio de 2000, **2000 J.T.S. 112**, págs.1448-1449.

**2.** *Rivera v. Registrador*, 74 D.P.R. 127, 133-136 (1952).

**3.** *Rojas Lugo v. Axtmayer Enterprises, Inc., supra*, pág. 868.